411 A.2d 1219

### COMMONWEALTH of Pennsylvania

v.

### Robert PLEXICO, Appellant.

Superior Court of Pennsylvania.

Argued July 31, 1979.

Filed Oct. 5, 1979.

Petition for Allowance of Appeal Denied Jan. 16, 1980.

---

Joseph T. Kelley, Jr., Philadelphia, for appellant.

Suzanne McDonough, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

CIRILLO, Judge:

This is an appeal from an order of the court below dismissing a motion to quash the case on the grounds of former jeopardy. The defendant had been previously tried for the crimes of conspiracy, possessing instruments of a crime, and murder. After the jury in that trial had deliberated for approximately 18 hours, they reported to the trial judge that they were hopelessly deadlocked, and the judge declared a mistrial over the objections of the defendant. Prior to the second trial, the defendant filed a motion to dismiss, alleging that the declaration of a mistrial had been improper and, therefore, double jeopardy came into play.

When a jury is discharged for failure to reach a verdict, a retrial is permissible if the discharge was manifestly necessary. The most recent case on this subject is *Commonwealth v. Sullivan*, 484 Pa. 130, 398 A.2d 978 (1979). In that case, the defendant objected to his trial and conviction on a third trial for murder on the grounds of alleged double jeopardy. The court concluded that the second trial was properly declared a mistrial after the jury had deliberated for 20 hours and were hopelessly deadlocked. In that case, 8 jurors reported that they were hopelessly deadlocked. In this case 10 of the 12 jurors reported that they were hopelessly deadlocked and they had repeatedly reported to the court during the 18 hours of deliberation that they had been deadlocked. The court in *Sullivan* stated that the length of time that a jury should deliberate is left to the sound discretion of the trial judge, whose decision is reversible only if there is an abuse of discretion. In this case, we hold that the trial judge did not abuse his discretion and properly granted a mistrial.

Therefore, the order of the court below is affirmed.