414 A.2d 650

COMMONWEALTH of Pennsylvania,

v.

Henderson PERRIN, Appellant.

Superior Court of Pennsylvania.

Argued July 16, 1979.

Filed Nov. 9, 1979.

26

Lewis S. Small, Philadelphia, for appellant.

Suzanne McDonough, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WEKSELMAN, Judge:

On July 29, 1975, appellant was brought to trial and on August 4, 1975, was convicted by a jury of murder in the third degree, conspiracy and robbery. His post-trial motions resulted in the award of a new trial on the basis that testimony concerning a polygraph test was improperly given by a Commonwealth witness at trial. He was tried for a second time in March of 1976.[1]

After the jury in the second trial reported itself as deadlocked, the trial judge sua sponte declared a mistrial. Prior to commencement of the third trial, defendant filed a motion to dismiss based upon double jeopardy, alleging that the jury in his second trial had not deliberated for a sufficient length of time and that the mistrial was declared by the trial judge without manifest necessity. At that time, he also reasserted the alleged Rule 1100 violation which he had raised at the second trial. His contentions were not persuasive to the hearing court and his motions were denied. In September of 1976, he was tried for a third time and, once again, found guilty of murder in the third degree, conspiracy and robbery. He filed post-trial motions which were sustained on the basis that an inculpatory statement made by appellant was improperly admitted into evidence at the third trial. Prior to his fourth trial, appellant filed a motion to dismiss based on a double jeopardy assertion and the alleged Rule 1100 violation at his second trial. That motion was denied and the matter is now before this Court on appeal from that Order of denial.

* Justice Robert N. C. Nix, Jr. of the Supreme Court of Pennsylvania, and Judge I. Martin Wekselman of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

1. The date of the commencement of the second trial is contested and formed the basis for a petition under Rule 1100 Pa.R.Crim.P. This matter will be discussed more fully, infra.

Appellant argues that a fourth prosecution should be barred on grounds of double jeopardy because:

1. Deliberate statements by a Commonwealth witness with respect to a polygraph test constituted prosecutorial misconduct.

2. The jury was discharged at appellant's second trial without adequate time to deliberate and no manifest necessity was present for the discharge of the jury.

3. The prosecutor at his third trial improperly introduced a patently inadmissible inculpatory statement, once again indicating prosecutorial misconduct.

We are not persuaded that a fourth trial is barred on grounds of double jeopardy.

The prohibition against double jeopardy was designed to protect people from being harassed by successive prosecutions for a single wrongful act and from being punished more than once for the same offense. However, the constitutional prohibition against double jeopardy does not preclude the retrial of an accused whose conviction is set aside because of error. In most instances, the double jeopardy principle is applied only after a retrial has occurred subsequent to a mistrial. In such instances, retrials are limited to cases in which the accused consented to the mistrial or its declaration was manifestly necessary. It is rare, indeed, that an accused may avoid a retrial where there has been a determination of guilty and a new trial has been awarded on the accused's assertion of trial error. Such instances are limited to those in which there has been such prosecutorial misconduct as to offend fundamental notions of fairness and due process. *See, Commonwealth v. Peters,* 473 Pa. 72, 373 A.2d 1055 (1977); *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977); *Commonwealth v. Wiggins,* 472 Pa. 95, 371 A.2d 207 (1977).

In appellant's first trial, a detective testified that appellant had failed a polygraph test. Appellant contends that the detective's testimony should be imputed to the prosecution as prosecutorial misconduct. He urges that the

prosecutor must have known that when he asked the detective to relate the circumstances surrounding the taking of appellant's statement that the detective would mention the polygraph test and that appellant had failed it. The Commonwealth contends that the issue is waived because it was raised for the first time in appellant's motions to preclude the fourth trial. The Court below, relying on *Commonwealth v. Peters, supra,* held that the issue was not waived in pretrial motions to bar subsequent trials. It is generally correct that a defendant need not raise a double jeopardy issue in post-trial motions and that they may properly be raised prior to a retrial. This is so because there can be no double jeopardy issue until a second trial has been ordered. Whether an accused may raise a double jeopardy issue based upon something which occurred at his first trial, for the first time, prior to a fourth trial without a conclusion that the issue has been waived presents an interesting question which we decline to rule upon since the double jeopardy claim on this ground is without merit.

At the hearing below, the District Attorney testified that he did not direct or encourage the detective to refer to the polygraph and that the detective was very sorry for having made the remark. The Court below found this evidence to be credible and we have no basis for reaching a contrary conclusion. This is not a situation in which there was a deliberate attempt by the Commonwealth to cause a mistrial and secure a more favorable opportunity to convict the accused in a second trial. *See, Commonwealth v. Wiggins, supra.*

The second double jeopardy claim involves the discharge of the jury at the second trial. Manifest necessity is the test for appellate review of the trial judge's exercise of his discretion in declaring a mistrial without the accused's consent. A genuine inability of a jury to agree constitutes a manifest necessity to declare a mistrial over a defendant's objection without offending the double jeopardy clause. Such a genuine inability exists if there is no reasonable probability of agreement among the jurors. *Commonwealth*

*v. Monte,* 459 Pa. 495, 329 A.2d 836 (1974). In the instant case, the jury commenced its deliberations at 2:35 p. m. on Friday, March 19, 1976. Except for a one hour and fifteen minute period during which the jurors ate dinner, they continued their deliberations until 10:00 p. m. They at that time reported to the Court that they were deadlocked. They were sent to a hotel for the night and recommenced their deliberations at 9:20 a. m. on Saturday, March 20. After two hours and 25 minutes, they reported to the Court that they were still deadlocked. The Court then gave a charge similar to that of *Commonwealth v. Spencer,* 442 Pa. 328, 275 A.2d 299 (1971), and the jury deliberated for an additional short period of time, after which it once again reported that it was deadlocked. It was only then that the mistrial was declared. The jury deliberated for a total of eight and one-quarter hours over two days. They never reported any progress or movement toward an agreement upon a verdict. A trial court must walk a fine line between declaring a mistrial when there is no manifest necessity on the one hand and coercing a jury into reaching a verdict on the other hand. Appellate courts have wisely allowed broad discretion to trial courts in this area and we find no abuse of discretion in the declaration of a mistrial in the instant case. *See, Commonwealth v. Monte, supra; Commonwealth v. Johnson,* 460 Pa. 493, 333 A.2d 881 (1975).

The third double jeopardy claim is based upon the introduction by the prosecution at the third trial of appellant's statement which was later ruled to be the product of the violation of appellant's rights under Pa.R.Crim.P. 130, *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972), and *Commonwealth v. Tingle,* 451 Pa. 241, 301 A.2d 701 (1973). At appellant's first trial, inculpatory statements given by him to the police following his arrest were introduced into evidence following a suppression hearing at which the statements were found to be admissible. For reasons which the record does not reflect, these statements were not introduced at the second trial. At the third trial, the statements were introduced against appellant. As here-

inabove indicated, the post-conviction court, in ruling upon appellant's post-verdict motions after the third trial, found the statements to have been obtained in violation of Rule 130 and *Commonwealth v. Futch, supra,* and ordered a retrial for appellant. Appellant contends that the prosecutor was guilty of misconduct in introducing these statements at the third trial inasmuch as it had become clear between the first and third trials, by virtue of the developing law in the area, that the statements were inadmissible. We do not find this to have been prosecutorial misconduct which would bar a retrial. The statements had been found to be admissible by the suppression court at the first trial and it was neither misconduct nor error for the prosecutor to rely upon that prior ruling in using the statements at the third trial.

A review of this record indicates that appellant has been successful on two occasions in pointing out trial errors which entitled him to a new trial after a conviction. In neither case has he established that the Commonwealth was engaged in conduct which was intended to provoke mistrial requests. The awards of new trials were all that appellant was entitled to. *See, Commonwealth v. Potter,* 478 Pa. 251, 386 A.2d 918 (1978). In the other trial, a mistrial was declared by the trial judge under circumstances which we believe constituted manifest necessity.

Finally, appellant contends that the Commonwealth violated Rule 1100 when it failed to bring him to trial within 120 days of the first retrial order. That issue is hotly contested and was decided adversely to appellant prior to the second trial and thereafter. This portion of the Order of the Court below is interlocutory and not cognizable by us on this appeal. Although *Commonwealth v. Bolden, supra,* permits an appeal from an interlocutory order denying a double jeopardy claim, a review on appeal of such an order does not authorize the consideration of other interlocutory matters. The Supreme Court has recently made this proposition clear and we will not consider the Rule 1100 claim.

*See, Commonwealth v. Klobuchir,* 485 Pa. 450, 402 A.2d 1358 (1979).

Order affirmed.

WIEAND, J., concurs in the result.