450 A.2d 653

**COMMONWEALTH of Pennsylvania**

**v.**

**Shawn Preston KETNER, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1981.

Filed July 2, 1982.

Reargument Denied Sept. 30, 1982.

Petition for Allowance of Appeal
Denied Nov. 15, 1982.

227

James L. Weisman, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, submitted a brief on behalf of Commonwealth, appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

WIEAND, Judge:

Shawn Preston Ketner was charged with rape. The jury which heard the criminal action commenced its deliberations on December 13, 1979, at 10:30 o'clock, A.M. Twenty-seven hours later, at 1:30 o'clock, P.M. on December 14, 1979, the foreman sent a note to the trial judge indicating that the jury had been deadlocked since 9:00 o'clock, P.M., the previ-

ous evening. The trial judge brought the jury into the courtroom and after interrogating each juror concluded that the deadlock was hopeless and declared a mistrial. Ketner then filed a motion to quash the information on grounds that another trial would violate principles of double jeopardy. After the motion had been denied, this appeal followed.

Appellant argues that the trial judge acted improperly in terminating his trial because one of the jurors was equivocal about the impossibility of the jury's reaching a unanimous verdict. There is no merit in this argument.

It is well settled that when, without defense consent, a jury is discharged for failure to reach a verdict, retrial is permissible if the discharge was manifestly necessary. *Commonwealth v. Santiago,* 492 Pa. 297, 301, 424 A.2d 870, 872 (1981). *See also Arizona v. Washington,* 434 U.S. 497, 509–10, 98 S.Ct. 824, 832, 54 L.Ed.2d 717, 730 (1978); *Commonwealth v. Bartolomucci,* 468 Pa. 338, 345, 362 A.2d 234, 238 (1976). The length of time that a jury should deliberate is not for the jury to determine. Rather, this decision is best left to the discretion of the trial judge. *Commonwealth v. Sullivan,* 484 Pa. 130, 133, 398 A.2d 978, 979 (1979); *Commonwealth v. Campbell,* 445 Pa. 488, 495–96, 284 A.2d 798, 801 (1971). The preferable practice in such cases, as appellant suggests, is to ask each juror if he or she agrees that a hopeless deadlock exists which cannot be resolved by further deliberations. *Commonwealth v. Santiago, supra* 492 Pa. at 303, 424 A.2d at 872; *Commonwealth v. Bartolomucci, supra* 468 Pa. at 348 n.5, 362 A.2d at 239 n.5; *United States ex rel. Webb v. Court of Common Pleas of Philadelphia,* 516 F.2d 1034, 1035 (3d Cir. 1975). However, there is no rule requiring the members of a jury to agree unanimously that their deadlock is hopeless before a mistrial can be declared.

In *Commonwealth v. Sullivan, supra,* the jury had deliberated "from 1:30 to 9:30 p. m. on August 13, 1975, and from 9:45 a. m. to 4:00 p. m. the next day, before telling the court it was deadlocked. The court instructed it to continue its deliberations. The jury did so until 10:15 p. m. and again

advised the court that it was deadlocked. The court instructed the foreman to determine whether the jurors thought a verdict could be reached by further deliberation. Eight members of the jury believed that no verdict could be reached and the court then discharged the jury." The Supreme Court held unanimously that under such circumstances the defendant's protection against double jeopardy had not been violated.

Similarly, in *Arnold v. McCarthy,* 566 F.2d 1377 (9th Cir. 1978), eleven jurors, after deliberating twelve hours, expressed the opinion that there was no reasonable probability of reaching a verdict. One juror felt that a verdict would ultimately be reached. These circumstances, it was held, amounted to "manifest necessity" for purposes of double jeopardy and permitted a second trial.

Appellant's reliance upon the decision in *United States ex rel. Webb v. Court of Common Pleas of Philadelphia, supra,* is misplaced. In that case the trial judge, after six and one-half hours of jury deliberation, raised the issue of deadlock sua sponte and declared a mistrial because of a hung jury after having interrogated only the foreman regarding the state of the jury's deliberations. These circumstances, a majority of the court held, were inadequate to constitute "manifest necessity" for terminating deliberations. Another trial, therefore, would have violated double jeopardy considerations. Although the majority did suggest in its opinion that there was no recorded evidence that all members of the jury had agreed with the foreman, it seems clear that the Court did not intend thereby to impose a mechanical standard of unanimity among the jurors before manifest necessity existed for declaring a mistrial. Indeed, the majority expressly said: "Questions regarding retrial after the discharge of a jury without a verdict are not to be decided by a rigid application of mechanical formulae." *Id.* at 1043. Moreover, as we have already observed, the existence of manifest necessity to declare a mistrial because of a jury's inability to reach a verdict is for the trial court to determine, not the jury.

230

■

■  In the instant case, there was no abuse of discretion in the trial court's determination that "manifest necessity" existed for declaring a mistrial. It follows that considerations of double jeopardy did not require that the information be quashed.

Order affirmed.