458 A.2d 597

**COMMONWEALTH of Pennsylvania**

**v.**

**William STARKS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 18, 1983.

Filed March 31, 1983.

228

William P. Fedullo, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in not finding his retrial barred by the double jeopardy clause. We disagree and, accordingly, affirm the order of the lower court and remand for further proceedings.

On October 8, 1974 appellant was convicted following a jury trial of first degree murder and a weapons offense. On appeal to the Supreme Court, appellant's conviction was reversed and a new trial granted because of prosecutorial misconduct. *Commonwealth v. Starks*, 479 Pa. 51, 387 A.2d 829 (1978). Appellant's subsequent contention that the prosecutorial misconduct barred his reprosecution was rejected by the Supreme Court in *Commonwealth v. Starks*, 490 Pa. 336, 416 A.2d 498 (1980). Appellant's second trial began on February 17, 1981 but was interrupted during the Commonwealth's case because appellant's counsel was ill. The lower court ordered counsel to submit to a physical exam on February 18, 1981 and the examining police surgeon opined that counsel was capable of proceeding. Upon a reexamination the next day, the lower court ordered counsel to resume his representation. Counsel attempted to cross-examine a Commonwealth witness, but was soon unable to continue. The lower court believed counsel to be healthy and again ordered him to represent appellant. Counsel refused, prompting the lower court to find him in contempt and have him removed from the courtroom. The lower court then held the following colloquy with appellant:

THE COURT: Wait just a moment. I want to voir dire [appellant]. Step up, [appellant].

Now [appellant], as you can see, because of your attorney's conduct, I have had to really remove him from the case. He has removed himself from the case affectively [sic]. Do you wish to represent yourself and continue with the trial?

[APPELLANT]: No.

THE COURT: Do you wish to have a mistrial and continue it?

[APPELLANT]: I wish to have a mistrial.

THE COURT: I mean declared.

All right. Then we will have to declare a mistrial. (N.T. February 19, 1981 at 38–39). New counsel was appointed and appellant moved to dismiss the indictments as barred by the double jeopardy clause. The lower court denied the motion, prompting this appeal.

Appellant contends that the lower court's declaring a mistrial was not manifestly necessary and thus his retrial is barred by the double jeopardy clause. Absent a defendant's request or consent,[1] a trial court may declare a mistrial only when manifestly necessary or when the ends of justice would otherwise be defeated. *Commonwealth v. Bartolomucci*, 468 Pa. 338, 345, 362 A.2d 234, 238 (1976). *See United States v. Perez*, 9 Wheat. (22 U.S.) 578, 6 L.Ed. 165 (1824). Although determinations of manifest necessity are within the discretion of the trial court, "any doubts regarding the propriety of the exercise of discretion and thus about the necessity for the mistrial must be resolved in favor of the accused." *Commonwealth v. Bartolomucci, supra* 468 Pa. at 347, 362 A.2d at 239.

Although subsequently discovered evidence showed that counsel actually was incapable of proceeding,[2] the only evidence before the court when counsel refused to proceed indicated that he was physically able to continue. Thus, the lower court order finding him in contempt and removing him from the case was initially justified.[3] Follow-

---

1. Because we find the manifest necessity required to declare a mistrial, we need not determine whether appellant's consent was knowingly and intelligently given.

2. Counsel's contempt conviction was reversed by this Court when subsequent medical testimony revealed that his refusal to continue resulted from an acute emotional illness. *See Appeal of Redmond,* 312 Pa.Superior Ct. 232, 458 A.2d 600 (1983). He was unable to appear before a jury for the next six months.

3. Unlike in *Commonwealth v. Ferguson,* 446 Pa. 24, 285 A.2d 189 (1971) and *Commonwealth v. Dull,* 257 Pa.Superior Ct. 192, 390 A.2d 777 (1978), where findings of manifest necessity predicated upon an uncorroborated and unexplored assertion that a Commonwealth wit-

ing counsel's removal, the lower court was faced with three alternatives: (1) proceed with the case and allow appellant to represent himself; (2) continue the case and appoint new counsel; or (3) declare a mistrial. Appellant refused the court's offer of self-representation. It was not feasible to continue the case until newly appointed counsel was prepared. As a sole practitioner, appellant's counsel had no colleagues to call upon who were already familiar with the case or his strategy. *See Commonwealth v. Robson*, 461 Pa. 615, 625, 337 A.2d 573, 578 (1975) ("possible for another prosecuting attorney to assume control of Commonwealth's case and complete trial"). Thus, new counsel would be wholly unfamiliar with appellant, the case, or its strategy, and would need substantial time to adequately aquaint himself with appellant, the witnesses, and the testimony from appellant's first and present trials. *See Commonwealth v. Robson, supra* (manifest necessity when judge unable to continue for two weeks); *Commonwealth v. Manley*, 252 Pa.Superior Ct. 77, 380 A.2d 1290 (1977) (same). Additionally, new counsel would have had no opportunity to file pre-trial motions or participate in selecting the jury. Moreover, new counsel would have to accept prior counsel's cross-examination on much of the Commonwealth's case, despite prior counsel's admitting that he had been confused and unable to formulate proper questions. Thus, continuation of the case with new counsel would have required a lengthy delay, hampering the jury's recollection of the manner and content of the testimony, and would have restricted the avenues open to new counsel to effectively and independently represent appellant. Accordingly, the lower court did not err in finding the alternatives unacceptable and in declaring a mistrial and therefore, we affirm its order and remand for further proceedings.

ness was ill were reversed, the lower court here granted counsel one and one-half days continuance and then ordered independent medical examinations. Those examinations and the court's own observations supported the court's conclusion that counsel's behavior was contemptuous disobedience, requiring his removal from the case and the appointment of new counsel.

232

Order affirmed and case remanded for further proceedings.