471 A.2d 510

**COMMONWEALTH of Pennsylvania**

**v.**

**Terry SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted May 12, 1983.

Filed Jan. 20, 1984.

158

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Michael H. Ranck, District Attorney, Lancaster, for Commonwealth, appellee.

Before WICKERSHAM, WATKINS and MONTGOMERY, JJ.

WICKERSHAM, Judge:

This is an appeal from the Order of the Court of Common Pleas of Lancaster County, denying a petition for dismissal based on double jeopardy.[1]

The appellant, Terry Smith, was charged with two counts of indecent assault and one count of involuntary deviate sexual intercourse. The alleged victims of these crimes were ten and eleven year old sisters, who were neighbors of the appellant. A jury trial was held before the Honorable D. Richard Eckman. All of the testimony and evidence in this case was presented in one day, June 10, 1981. The jury was charged on the following morning and began its delib-

1. Jurisdiction is vested in this court pursuant to *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977), in which the supreme court held that pre-trial orders denying double jeopardy claims are final, appealable orders.

erations. After approximately eight and one half hours, the jury declared itself hopelessly deadlocked on the two counts before them[2] and the court declared a mistrial. The Commonwealth quickly notified the appellant of its intention to re-try the charges, and on June 26, 1981, the appellant filed a motion to dismiss the charges based on double jeopardy grounds. The Commonwealth filed an answer and, on July 14, 1981, the court denied appellant's motion, on the basis that manifest necessity had warranted the court's declaration of a mistrial. It is from this order of court that this appeal was filed.

Appellant's question for us is not complex:

When a jury deliberates for a period of only eight hours did manifest necessity exist for a declaration of a mistrial?

Brief for Appellant at 1. Under the facts of this case, we find that manifest necessity did exist.

■ The double jeopardy clause of the fifth amendment provides, in part, that no person shall be subject for the offense to be twice put in jeopardy of life or limb. Our courts have adhered to the rule that in a jury case, jeopardy attaches when the jury is sworn. *Commonwealth v. Carson*, 259 Pa.Super. 183, 393 A.2d 778 (1978). No one argues that the jury was not sworn in appellant's case. Jeopardy had clearly attached.

■ As appellant himself admits in his brief, however, the double jeopardy proscription does not mean that every time a defendant is put on trial before a competent court, he is entitled to go free if the trial fails to end in a final judgment. But in most instances, retrials are limited to cases in which the defendant consented to the mistrial or its declaration was manifestly necessary. *Commonwealth v. Perrin*, 272 Pa.Super. 24, 414 A.2d 650 (1979). *See also Commonwealth v. Starks*, 312 Pa.Super. 227, 458 A.2d 597 (1983); *Commonwealth v. Bradley*, 311 Pa.Super. 330, 457

2. At the close of the testimony, a directed verdict of not guilty was entered by the court to the second count of indecent assault.

A.2d 911 (1983). It is well settled that when, without defense consent, a jury is discharged for failure to reach a verdict, retrial is permissible if the discharge was manifestly necessary. *Commonwealth v. Murry,* 498 Pa. 504, 447 A.2d 612 (1982); *Commonwealth v. Santiago,* 492 Pa. 297, 424 A.2d 870 (1981); *Commonwealth v. Bartolomucci,* 468 Pa. 338, 362 A.2d 234 (1976); *Commonwealth v. Ketner,* 304 Pa.Super. 226, 450 A.2d 653 (1982); *Commonwealth v. Plexico,* 270 Pa.Super. 543, 411 A.2d 1219 (1979) "Manifest necessity" is the test for appellate review of the trial judge's exercise of his discretion in declaring a mistrial without defendant's consent. *Commonwealth v. Monte,* 459 Pa. 495, 329 A.2d 836 (1974).

The genuine inability of a jury to agree on a verdict constitutes a manifest necessity to declare a mistrial, even over a defendant's objection, without offending the double jeopardy clause. *Commonwealth v. Monte, supra; Commonwealth v. Ketner, supra; Commonwealth v. Perrin, supra.* A genuine inability of a jury to agree on a verdict exists if there is no reasonable probability of agreement among the jurors. *Commonwealth v. Murry, supra; Commonwealth v. Monte, supra; Commonwealth v. Perrin, supra.* On appellate review of the lower court's finding of manifest necessity, the circumstances of the trial must be examined to determine if any doubt exists regarding the propriety of the exercise of discretion by the lower court. *Commonwealth v. Bartolomucci, supra; Commonwealth v. Story,* 270 Pa.Super. 66, 410 A.2d 1251 (1979).

The length of time that a jury should deliberate is not for the jury to determine. Instead, this decision is best left to the sound discretion of the trial judge. *Commonwealth v. Sullivan,* 484 Pa. 130, 398 A.2d 978 (1979); *Commonwealth v. Ketner, supra.* A determination as to whether a verdict cannot be reached so that manifest necessity for retrial exists depends on the number, complexity, and gravity of charges, and the volume of evidence presented, and rests largely within the discretion of the trial court.

*Commonwealth v. Kivlin,* 267 Pa.Super. 270, 406 A.2d 799 (1979). The trial judge's decision is reversible only if there is an abuse of discretion or if a verdict is the product of an overworked or fatigued jury. *Commonwealth v. Sullivan, supra; Commonwealth v. Campbell,* 445 Pa. 488, 284 A.2d 798 (1971); *Commonwealth v. Story, supra.* In *Commonwealth v. Bartolomucci, supra,* the supreme court emphasized the importance of having the court below inquire directly of the jury, either individually or through the foreman, about the possibility of the deadlock being overcome by further deliberations. Such an inquiry serves to remove any doubt as to the existence of a deadlock and the hopelessness of breaking it. *See also Commonwealth v. Ketner, supra; Commonwealth v. Story, supra.*

■ In the case at bar, the testimony consisted of four witnesses for the Commonwealth and two witnesses for the defense. The testimony and evidence was concluded on the same day that it was begun. Jury deliberations began the following morning at 9:20 a.m., on two of the three charges (the judge had directed a verdict of not guilty as to the third charge). At 2:55 p.m., the jury returned to the courtroom and its foreman stated that they would not be able to reach a unanimous decision. (N.T. at 188). The court then gave a *Spencer* charge (*see Commonwealth v. Spencer,* 442 Pa. 328, 275 A.2d 299 (1971)), and sent the jury back to deliberate further. In addition, the court directed that refreshments be given to the jury. Deliberation began again at 2:58 p.m. and continued until 5:35 p.m. At that time, the jury again returned and told the judge that it was deadlocked. The foreman stated that any further deliberation would be fruitless. (N.T. at 191). The foreman requested, however, that the jury be allowed to go back in for five minutes to talk one thing over. The judge agreed. The jury returned about two minutes later and confirmed that they were hopelessly deadlocked and would not be able to reach a unanimous verdict on either of the two counts before it. Then the judge polled each juror individually as to whether he or she was firmly convinced that no verdict

could be reached on either count. Each juror answered yes. (N.T. at 193). Upon a request by the court for comments, defense counsel suggested that certain documents be allowed to go to the jury to possibly facilitate deliberations. (N.T. at 193). The Commonwealth objected and the judge declined to send the documents to the jury. After some further discussion, the court declared a mistrial and dismissed the jury at 5:50 p.m.

In the order in question, the trial judge referred to *Commonwealth v. Perrin, supra.* The facts in *Perrin* are remarkedly similar to the facts in this case. In *Perrin,* the jury deliberated for approximately the same amount of time as did the jury in the instant case, 8¼ hours, albeit over a two-day period due to their late start on the first day. The judge gave the jury a *Spencer* charge and sent them back to deliberate again, without success. We find the distinctions in the instant case, that "the jurors deliberated fewer hours and did not have an overnight trial" (Brief for Appellant at 5) to be immaterial, especially where the nature of the case and the amount of testimony the jury had to consider was not as great as in *Perrin.*

After reviewing the record in this case, we conclude that the lower court satisfactorily complied with the requirements of *Commonwealth v. Bartolomucci, supra* as set for in *Commonwealth v. Story, supra.*

> The court inquired directly of the jury, through the foreman, about the possibility of the deadlock being overcome by further deliberations. The foreman replied unequivocally that further deliberations would not resolve the deadlock. The judge's questioning of the jury indicates that he made a proper effort to determine whether a verdict could be reached, and the foreman's responses certainly served to remove any doubt about the existence of a deadlock and the hopelessness of breaking it. Under these circumstances, we would find that the court below did not abuse its discretion in declaring a mistrial for reasons of manifest necessity.

*Commonwealth v. Story, supra,* 270 Pa.Super. at 76, 410 A.2d at 1256.

We find that eight and one half hours of deliberation was adequate time for the jury to properly consider this case and conclude that it was hopelessly deadlocked.[3]

The order of the lower court is affirmed.

**3.** The following approximate times are among those that have been held adequate for jury deliberations in cases similar to the instant case: *Commonwealth v. Murry, supra* (13 hours for murder, robbery, conspiracy, and possession of an instrument of crime); *Commonwealth v. Santiago, supra* (30 hours for murder, rape, indecent assault, and conspiracy); *Commonwealth v. Sullivan, supra* (20 hours for murder, robbery, and possession of an instrument of crime); *Commonwealth v. Johnson,* 460 Pa. 493, 333 A.2d 881 (1975) (8 hours for murder); *Commonwealth v. Monte, supra* (6½ hours for conspiracy and setting up and maintaining an illegal lottery); *Commonwealth v. Ketner, supra* (27 hours for rape); *Commonwealth v. Perrin, supra* (8¼ hours for murder, robbery, and conspiracy); *Commonwealth v. Story, supra* (11 hours for robbery, recklessly endangering another person, unlawfully carrying a firearm, and altering marks of identification); *Commonwealth v. Myers,* 266 Pa.Super. 566, 405 A.2d 1252 (1979) (7 hours for involuntary manslaughter); *Commonwealth v. Kivlin, supra* (19 hours for murder); *Commonwealth v. Plexico, supra* (18 hours for murder, conspiracy, and possessing instruments of a crime).