490 A.2d 871

**COMMONWEALTH of Pennsylvania**

v.

**Robert MARCONI, Appellant.**

Superior Court of Pennsylvania.

Argued July 19, 1984.

Filed March 22, 1985.

464

Frank J. Marcone, Media, for appellant.

Helen T. Kane, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, BECK and TAMILIA, JJ.

BECK, Judge:

While fighting a fire at the house in which appellant Robert Marconi resided, firemen discovered various drugs and weapons. As a result of this information and further investigation, appellant was arrested and charged with possessing prohibited offensive weapons,[1] theft by receiving stolen property,[2] causing or risking a catastrophe,[3] reckless-

---

1. 18 Pa.C.S. § 908.
2. 18 Pa.C.S. § 3925.
3. 18 Pa.C.S. § 3302.

ly endangering another person,[4] and four violations of the Controlled Substance, Drug, Device and Cosmetic Act.[5]

Trial before a jury commenced on October 19, 1983. During the trial two jurors were excused and replaced by the two alternates who had been chosen at jury selection. At the close of the Commonwealth's case, appellant demurred to the evidence. The court sustained appellant's demurrer to the charge of receiving stolen property and denied it with respect to all other charges. The defense indicated it would not present any evidence and rested.

Before the case could proceed to closing arguments, a juror informed the court that she had become aware of certain information about appellant as a result of a conversation with an acquaintance the previous evening, and that she felt she could no longer serve as an impartial juror. The court and both counsel agreed that it was necessary to dismiss the juror. This left the jury with only eleven members, because there were no more alternates. Appellant did not elect to proceed with the diminished jury (*see* Pa.R.Crim.P. 1103). Consequently, the trial court declared a mistrial. The instant appeal is from the denial of appellant's motion to dismiss on the grounds that principles of double jeopardy preclude further prosecution. For the reasons stated below we affirm.

The basis of appellant's double jeopardy claim is somewhat novel. Although inartfully asserted, in essence he contends that at this juncture the appellate court should review the trial court's ruling on his challenge to the sufficiency of the evidence. Appellant contends that if the appellate court finds the Commonwealth's evidence at the first trial insufficient, a second trial would violate appellant's right not to be placed twice in jeopardy, because the Commonwealth would receive a second chance at proving sufficient evidence when the first trial ended inconclusively

4. 18 Pa.C.S. § 2705.

5. Possession of methamphetamine (35 P.S. § 780–113(a)(16)), possession with intent to deliver (35 P.S. § 780–113(a)(30)), counterfeit drugs (35 P.S. § 780–113(a)(35)(i)) and drug paraphernalia (35 P.S. § 780–113(a)(32)).

for a reason not appellant's fault. Essentially, appellant's argument reduces to a contention that the government shall not retry a defendant following the grant of a mistrial, whatever the precise circumstances surrounding the mistrial, if the mistrial is declared after the close of the prosecution's case and the prosecution, having had a full opportunity to present sufficient evidence at the first trial, failed to do so.

■ Appellant's argument seeks to carve out an exception to the familiar rule that the Double Jeopardy Clause does not bar a retrial where the defendant consents to the declaration of the mistrial or where the mistrial was compelled by manifest necessity. *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977). Appellant does not seriously attempt to argue that manifest necessity did not exist, i.e. that the circumstances surrounding the declaration of the mistrial by themselves bar a second trial. Indeed, both at the time the twelfth juror was excused and at the hearing on his motion to dismiss on double jeopardy grounds, appellant conceded the manifest necessity of granting a mistrial. N.T. 10/21/83 at 6–7; N.T. 12/9/83 at 11.[6] Rather, appellant argues that the trial court should never have reached the stage of the proceedings where the issue of manifest necessity arose, because it should have granted his demurrers, resolving the case in its entirety at that point.

■ The Commonwealth contends that appellate review of the trial court's denial of appellant's demurrers is impermissible at this stage of the proceedings. Although the denial of a pre-trial motion to dismiss on double jeopardy grounds is undeniably appealable even though the ruling is technically interlocutory, *Commonwealth v. Bolden*, we have held that this extension of our appellate jurisdiction does not authorize the appellate court to consider other interlocutory matters. In *Commonwealth v. Perrin*, 272 Pa.Super. 24, 414 A.2d 650 (1979), we declined to consider in conjunction with an interlocutory double jeopardy appeal a

6. At the December 9, 1983 proceedings, counsel used the words "gross necessity."

claim that one of the appellant's preceding trials had been commenced outside of the time limit mandated by Pa.R. Crim.P. 1100. The policies underlying the distinction drawn in *Perrin* were discussed by Justice (now Chief Justice) Nix in *Commonwealth v. Klobuchir*, 486 Pa. 241, 248 n. 5, 405 A.2d 881, 884 n. 5 (1979) (affirming by an equally divided court) (Opinion in Support of Affirmance). Justice Nix explained that the rationale of *Bolden* for creating an exception to our principles of appellate jurisdiction was that a defendant would be forced to give up the very right not to be tried again which he sought to protect if he were required to wait until the entry of the final judgment on retrial to appeal the denial of his double jeopardy claim. This reasoning is clearly inapplicable to other issues which but for the accompanying double jeopardy claim would not be appealable before final judgment. Therefore, these issues may not be joined with an interlocutory double jeopardy appeal, but must await final judgment for their resolution. "In *Bolden* we did not assume jurisdiction to resolve any and all constitutional questions raised pre-trial by the appellant." *Commonwealth v. Klobuchir*, 486 Pa. at 248 n. 5, 405 A.2d at 884 n. 5.

■ The Commonwealth argues on the basis of *Perrin* and *Klobuchir* that appellant's claim that the insufficiency of the evidence at the first trial bars further prosecution is not properly before the court, because in making this claim appellant is essentially asking this court to review the trial court's denial of appellant's demurrers before the completion of the trial. Generally, the denial of a demurrer to the evidence, like the denial of a motion for a nonsuit at the close of the plaintiff's case in a civil trial, is not considered a final order and does not fall within any recognized exception to the rule in criminal cases that an appeal lies only from a judgment of sentence. *See Commonwealth v. Ott*, 154 Pa.Super. 647, 36 A.2d 838 (1944).

While we have no quarrel with these principles of law, we believe they are not applicable to the precise circumstances of this case. Here, appellant is not asking us to review the

trial court's denial of his demurrers as an issue separate and distinct from his double jeopardy claim. Rather, appellant's claim that the court erred in denying the demurrers is simply another way of stating that the Commonwealth presented insufficient evidence at appellant's trial, and the alleged insufficiency of the evidence is the basis of appellant's double jeopardy argument itself.

In *Richardson v. United States,* 468 U.S. ——, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), the United States Supreme Court was presented with a similar claim. Defendant's first trial had ended in a directed acquittal as to one count but a mistrial as to the others because the jury could not agree on a verdict. In the first trial defendant had moved for a judgment of acquittal both at the close of the Government's case and just before submission of the case to the jury. After the mistrial was declared, and before the beginning of the second trial, defendant renewed his motion for judgment of acquittal and argued that the Double Jeopardy Clause precluded a retrial because the Government had failed to introduce sufficient evidence at the first trial to support a guilty verdict. Like appellant in the case sub judice, the defendant in *Richardson* contends that the Government's failure to present sufficient evidence at his aborted first trial bars further prosecution regardless of the precise circumstances surrounding the declaration of mistrial.

■ In *Richardson,* the Government raised the threshold issue of appealability, challenging the jurisdiction of the appellate courts to hear this double jeopardy claim. The court of appeals held, and the Government argued before the Supreme Court, that the appealability of defendant Richardson's double jeopardy claim depended on the appealability prior to final judgment of the district court's ruling denying defendant's motion for judgment of acquittal. In federal court, the denial of a motion for judgment of acquittal is by itself interlocutory and unappealable before final judgment. *Richardson,* 468 U.S. at ——, 104 S.Ct. at

3083–84, 82 L.Ed.2d at 247–48, citing *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

■ The Supreme Court, however, disagreed with the court of appeals and held under the circumstances of the case that the denial of the motion for judgment of acquittal was appealable within the context of the defendant's double jeopardy claim. The Court stated that "[p]etitioner seeks review of the sufficiency of the evidence at his first trial, not to reverse a judgment entered on that evidence, but as a necessary component of his separate claim of double jeopardy." *Richardson,* 468 U.S. at ——, 104 S.Ct. at 3084, 82 L.Ed.2d at 248. The Court found the issue appealable because it constituted a colorable double jeopardy claim[7] and because the district court had made a final decision on the defendant's motion to dismiss on double jeopardy grounds. *Id.* at ——, 104 S.Ct. at 3084, 82 L.Ed.2d at 249.

■ The instant case is in the same posture as *Richardson.* Defendant Marconi's appeal would be interlocutory if it consisted solely of the claim that the court erred in denying his demurrer, which was grounded on the alleged insufficiency of the evidence. However, appellant raises the issue of the trial court's ruling on the sufficiency of the evidence "not to reverse a judgment based on that evidence," but rather as the basis of his claim of double jeopardy. Therefore, we hold that this appeal is properly before this court.

7. In federal court "the appealability of a double jeopardy claim depends on its being at least 'colorable.'" *Richardson,* 468 U.S. at ——, 104 S.Ct. at 3084, 82 L.Ed.2d at 249, citing *United States v. MacDonald,* 435 U.S. 850, 862, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18 (1978). In a footnote in *Richardson,* the Supreme Court suggested that an effect of its holding was that double jeopardy claims of the type raised by the defendant were no longer "colorable," and hence no longer appealable before final judgment. 468 U.S. at ——, 104 S.Ct. at 3086 n. 6, 82 L.Ed.2d at 251 n. 6. In *Commonwealth v. Bolden,* the Pennsylvania Supreme Court did not speak of a "colorability" requirement for interlocutory double jeopardy appeals in Pennsylvania. Therefore, we reach no decision today as to whether footnote 6 in *Richardson* affects the future appealability of these issues in Pennsylvania.

472

 On the merits, though, we are also bound by the Supreme Court's holding in *Richardson*.[8] We therefore hold that the Double Jeopardy Clause affords appellant no protection against retrial. Having held that the denial of the defendant's motion to dismiss on double jeopardy grounds was appealable, the Supreme Court ultimately[9] rejected the defendant's invitation to review the sufficiency of the evidence at the first trial. Instead, the Court maintained its traditional analytical focus on the event which caused the first trial to end in a mistrial, and found that no valid claim of double jeopardy was presented. The Court held that "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson*, 468 U.S. at ——, 104 S.Ct. at 3086, 82 L.Ed.2d at 251. Because the declaration of a mistrial following a hung jury is a matter of manifest necessity and "not an event that terminates the original jeopardy to which petitioner was subjected," a defendant in that situation does not have a valid double jeopardy claim regardless of the sufficiency of the evidence presented at his first trial. *Id.*

 We find that the declaration of a mistrial because an insufficient number of jurors remained after a juror was dismissed for cause is equivalent, for purposes of assessing appellant's double jeopardy claim, to a mistrial declared because of a deadlocked jury. Like the mistrial in *Richardson*, the mistrial in the case sub judice was compelled by

**8.** Pennsylvania's courts have not given its citizens broader double jeopardy protection than that provided by the United States Supreme Court interpreting the federal constitution. *Commonwealth v. Beaver*, 317 Pa.Super. 88, 463 A.2d 1097 (1983). *But see supra* note 7.

**9.** Paradoxically, the Court states earlier in its opinion that "consideration of petitioner's double jeopardy claim would require the appellate court to canvass the sufficiency of the evidence at the first trial." *Richardson*, 468 U.S. at ——, 104 S.Ct. at 3084, 82 L.Ed.2d at 248. Reading this statement in the context of the Court's holding, we understand it to mean that "canvass[ing] the sufficiency of the evidence" would be necessary only if the Court were to hold that the sufficiency of the evidence, rather than the circumstances surrounding the mistrial, was the proper focus for the appellate court's double jeopardy inquiry.

manifest necessity. Therefore, the United States Supreme Court's holding in *Richardson* is controlling, and the special circumstances of appellant's double jeopardy claim do not constitute an exception to the manifest necessity principle. We accordingly affirm the trial court's denial of appellant's claim of double jeopardy.

 For the sake of clarity, we emphasize that our decision does not authorize the Commonwealth to retry appellant on the charge of receiving stolen property to which the trial court sustained appellant's demurrer to the evidence. This ruling was based on insufficiency of the evidence and thus constitutes an acquittal for double jeopardy purposes. *Commonwealth v. Smalis*, 331 Pa.Super. 307, 480 A.2d 1046 (1984).

Order affirmed.