J-A04036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM BOYD, | |
| Appellant | No. 1612 EDA 2015 |

Appeal from the Order May 7, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0010818-2011

BEFORE: SHOGAN, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 14, 2017**

Appellant, William Boyd, brings this interlocutory appeal from the trial court's order denying his request to bar re-trial on the basis of double jeopardy.[1] Appellant maintains that the trial court declared a mistrial without a manifest necessity, and failed to consider a less drastic alternative. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** Pa.R.A.P. 311(a)(6); **Commonwealth v. Calloway**, 675 A.2d 743, 745 n.1 (Pa. Super. 1996); **see also Commonwealth v. Brady**, 508 A.2d 286, 287 (Pa. 1986), *holding modified by* **Commonwealth v. Orie**, 22 A.3d 1021 (Pa. 2011). The trial court judge here did not make a finding of frivolity. **See** Pa.R.Crim.P. 587(B)(5) (providing that on finding of frivolity, judge shall advise defendant of right to file petition for review pursuant to Pa.R.A.P. 1573). Therefore, in this case, the rules for review of frivolity do not apply. The trial court granted Appellant leave to file an interlocutory appeal. (**See** Trial Court Opinion, 4/13/16, at 5).

We derive the facts of this case from the trial court's opinion and our independent review of the certified record. (**See** Trial Ct. Op., at 1-8).

On May 12, 2011, Philadelphia police arrested Appellant after they observed him selling crack cocaine to a confidential informant. A search executed by warrant on his residence recovered a handgun in his closet. Appellant was prohibited from possessing a handgun based on a prior narcotics trafficking conviction. Trial began on April 14, 2015.[2]

The trial court had granted a defense request to bifurcate the drug charges from the firearm charge. In his opening statement at trial on the drug charges, defense counsel inaccurately told the jury—twice—that Appellant was "not facing any gun charges." (**See** N.T. Trial, 4/14/15, at 43; **see also id.** at 44). Indisputably, he was.

Out of the presence of the jury, the trial court proposed giving the jury an instruction to correct the misstatement, but defense counsel expressed concern that the correction would undermine his credibility. The trial court granted his request for a mistrial. (**See id.** 4/15/15, at 8-9).

The trial which followed is the main subject of this appeal. The trial court reports that during deliberations in the second trial on the afternoon of April 29, 2015 and the day of April 30, the jury was contentious and loud

---

[2] It is not readily apparent from our review of the record why the trial did not begin until four years after arrest. However, Appellant's motion to dismiss under the prompt trial rule was denied. (**See** Order, 4/10/15). The time delay is not at issue in this appeal.

enough to disturb other proceedings. The trial court also observed "antagonistic body language." (Trial Ct. Op., at 3). On May 1, the third calendar day of deliberations, the trial court judge gave the jury a "***Spencer*** charge."[3]

Later on the same day, the jury sent a note to the trial court judge asking "to be recognized as a hung jury." (Trial Ct. Op., at 3; N.T. Trial, 5/01/15, at 6). Defense counsel opposed a mistrial, and requested another ***Spencer*** charge, which the court denied.

The trial court judge summoned the jury. The foreperson confirmed that the jury considered itself deadlocked, that further deliberations would be fruitless, and that there was no reasonable probability of reaching a unanimous verdict on any of the charges. The judge polled each juror individually. They confirmed the conclusions of the foreperson, unanimously. On the record, the trial court found manifest necessity, based on the hung jury, and declared a mistrial. (***See*** Trial Ct. Op., at 4; N.T. Trial, 5/01/15, at 11). Appellant filed a motion to dismiss, based on a claim

---

[3] A ***Spencer*** charge, named for our Supreme Court's decision in ***Commonwealth v. Spencer***, 275 A.2d 299 (Pa. 1971), instructs a deadlocked jury to continue to deliberate with an open mind to reconsideration of other jurors' views, but without the requirement to give up one's own firmly held convictions. ***See Commonwealth v. Greer***, 951 A.2d 346, 354 (Pa. 2008).

of double jeopardy, which the court denied. This interlocutory appeal followed.[4]

Appellant raises four overlapping issues, framed as one compound-complex question, on appeal:

> Did not the [trial] court err and abuse its discretion in denying [A]ppellant's request to bar retrial on double jeopardy grounds where, in the absence of manifest necessity, the trial court declared a mistrial over objection and without the consent of [A]ppellant and where it failed to consider an available less drastic alternative?

(Appellant's Brief, at 4).

Preliminarily, it bears noting that there are only two assertions of abuse of discretion actually identified in either statement of errors: the denial of the request to re-read the **Spencer** charge, and the assertion that the court declared a mistrial after only a (relatively) short time of deliberation which, Appellant claims, did not establish manifest necessity. (**See** Supplemental Statement of Errors Complained of on Appeal, 10/29/15, at 2 ¶5; **see generally id.** at 1-2, Statement of Errors Complained of on Appeal, 10/06/15, at 1-2).[5]

_____

[4] Appellant filed a court-ordered statement of errors and a supplementary statement after transcripts became available. The trial court filed a Rule 1925(a) opinion on April 13, 2016. **See** Pa.R.A.P. 1925.

[5] The initial statement, citing transcript unavailability, asserted no errors at all. (**See** Statement of Errors, 10/06/15, at 2 ¶5). We recognize that counsel for Appellant filed the supplementary statement of errors late, without apparent prior leave of court. However, the trial court addresses the

*(Footnote Continued Next Page)*

Here, Appellant assigns both error of law and abuse of discretion to the trial court. He maintains that the court lacked the manifest necessity required for it to declare a mistrial *sua sponte* without the consent or request of a party. He asserts that the trial court should have issued a second **Spencer** charge instead of declaring a mistrial. He claims retrial should be barred under double jeopardy. (**See** Appellant's Brief, at 22). We disagree.

> "An appeal grounded in double jeopardy raises a question of constitutional law." **Commonwealth v. Wood**, 803 A.2d 217, 220 (Pa. Super. 2002) (quoting **Commonwealth v. Mattis**, 454 Pa. Super. 605, 686 A.2d 408, 410 (1996)). "This court's scope of review in making a determination on a question of law is, as always, plenary." **Wood, supra** at 220 (quoting **Mattis, supra** at 410). "As with all questions of law, the appellate standard of review is *de novo* . . . ." **Commonwealth v. Kositi**, 880 A.2d 648, 652 (Pa. Super. 2005) (quoting **In re Wilson**, 879 A.2d 199, 214 (Pa. Super. 2005) (*en banc* )).

**Commonwealth v. Vargas**, 947 A.2d 777, 780 (Pa. Super. 2008).

"The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects an individual against successive punishments and successive prosecutions for the same criminal offense." **Id.** (citation omitted). Here, however, Appellant does not develop a formal argument of constitutional infirmity as such.

*(Footnote Continued)* ─────────────

issues raised, in its Rule 1925(a) opinion. When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues, we need not remand and may address the merits of the issues presented. **See Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa. Super. 2012).

Instead, he posits that the trial court judge, acting out of "manifest animus," (Appellant's Brief, at 12), found prematurely that the jury was deadlocked, improperly concluded there was manifest necessity, and declared a mistrial after refusing to "consider an available less drastic alternative," specifically, giving the jury a second **Spencer** charge. (**Id.** at 4; **see also id.** at 12-13). Appellant's arguments lack merit.

"[T]he trial judge may declare a mistrial only for reasons of manifest necessity." Pa.R.Crim.P. 605(B). Our standard of review for the trial court's determination is well-settled. We review a finding of manifest necessity for abuse of discretion. **See Commonwealth v. Hudson**, 955 A.2d 1031, 1034 (Pa. Super. 2008), *appeal denied*, 964 A.2d 1 (Pa. 2009); **see also Commonwealth v. Story**, 410 A.2d 1251, 1256 (Pa. Super. 1979).

"An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Commonwealth v. Greer**, 951 A.2d 346, 354–55 (Pa. 2008) (citations omitted).

"In accordance with the scope of our review, we must take into consideration all the circumstances when passing upon the propriety of a declaration of mistrial by the trial court." **Orie**, **supra** at 996 (citations omitted).

We do not apply a mechanical formula in determining whether a trial court had a manifest need to declare a mistrial. Rather, varying and often unique situations arise during the course of a criminal trial . . . [and] the broad discretion reserved to the trial judge in such circumstances has been consistently reiterated. . . .

***Commonwealth v. Kelly***, 797 A.2d 925, 937 (Pa. Super. 2002) (citations and internal quotation marks omitted).

Furthermore, it is long-settled that "a genuine inability of a jury to agree constitutes a 'manifest necessity' to declare a mistrial over a defendant's objection without offending the defendant's Fifth Amendment rights." ***Commonwealth v. Monte***, 329 A.2d 836, 840 (Pa. 1974) (collecting cases); ***see also Commonwealth v. Marconi***, 490 A.2d 871, 876 (Pa. Super. 1985), *appeal denied*, 518 A.2d 542 (Pa. 1986) ("[T]he declaration of a mistrial following a hung jury is a matter of manifest necessity.").

Notably, here, after the jury requested to be discharged, the trial court consulted with both counsel about possible courses of action, summoned the jury, and made direct, specific inquiry of the foreperson about the possibility of reaching agreement on any of the pending charges. The foreperson confirmed that the jury was deadlocked. (***See*** N.T. Trial, 5/01/15, at 9). She rejected any possibility that the jury could reach a unanimous verdict on any of the charges. (***See id.***). The foreperson affirmed that any further deliberation would be fruitless. (***See id.***). Polled individually by the judge, the jury agreed, unanimously. (***See id.*** at 9-11).

- 7 -

On independent review, we conclude that the trial court complied with every procedure specified by our Supreme Court in **Commonwealth v. Bartolomucci**, 362 A.2d 234, 239 (Pa. 1976). We discern no basis to conclude that the trial court abused its discretion or otherwise acted improperly. **See Monte**, **supra** at 840; **Marconi**, **supra** at 876; **see also Commonwealth v. Myers**, 405 A.2d 1252, 1260 (Pa. Super. 1979) (trial court properly found manifest necessity and declared mistrial when judicial inquiry confirmed jury had deadlocked on one issue after three hours; second trial did not subject appellant to double jeopardy).

Further, the perceived brevity of deliberations is not a sufficient ground for relief. (**See** Appellant's Brief, at 13, 16). While mathematical exactitude is not possible without factoring in breaks, interruptions, and other variables, the parties here generally agree that the jury deliberated between ten and eleven hours, over the span of three days.

"[T]he question of the proper duration of jury deliberations is one that rests within the sound discretion of the trial court, whose decision will not be disturbed unless there is a showing that the court abused its discretion or that the jury's verdict was the product of coercion or fatigue." **Greer**, **supra** at 386–87 (citation omitted).

Our Courts have found manifest necessity on deliberations significantly shorter than the one here. **See Myers**, **supra** at 1260 (three hours on one issue; total of seven hours of deliberations); **see also Monte**, **supra** at 840

(six and one-half hours); ***Commonwealth v. McCord***, 700 A.2d 938, 945 (Pa. Super. 1997) (six and one-half hours); ***Commonwealth v. Verdekal***, 506 A.2d 415, 418 (Pa. Super. 1986), *appeal denied*, (September 16, 1986) (less than two hours).  Appellant's claim does not merit relief.

Appellant argues that "less drastic alternatives [to a mistrial] were available," (Appellant's Brief, at 14), but only identifies one: the trial court should have accepted his counsel's suggestion to issue a second ***Spencer*** charge.  (***See id.*** at 16).

However, "[w]hether to give a ***Spencer*** charge is a matter for the exercise of the trial court's sound discretion."  ***Greer***, ***supra*** at 354 (citation omitted).  Here, we decline to find an abuse of discretion in the trial court's decision not to repeat an instruction it had already given earlier the same day, to no avail.

Appellant makes two additional arguments.  First, he posits that the trial court judge acted out of "anger" for defense counsel's misrepresentations in the first trial, and engaged in "an entire series of apparently retaliatory decisions." (Appellant's Brief, at 14, 16).  Secondly, he asserts that the trial court, in describing the contentious behavior and attitude of some of the jurors, as part of the context and background for the deadlock, relied on observations that were "substantially *dehors* the record." (***Id.*** at 15).

Preliminarily, we observe that neither of these two claims was included in either statement of errors. Not coincidentally, the trial court was deprived of the opportunity to respond to them in its Rule 1925(a) opinion. Accordingly, Appellant has waived these claims. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Moreover, neither argument would merit relief.

First, Appellant complains of retaliatory behavior by the trial court. However, Appellant does no more than recite a list of rulings Appellant perceives to be unfavorable to him. (**See** Appellant's Brief, at 16-17). "[S]imply because a judge rules against a defendant does not establish any bias on the part of the judge against that defendant." **Commonwealth v. Travaglia**, 661 A.2d 352, 367 (Pa. 1995), *cert. denied*, 516 U.S. 1121 (1996).

Furthermore, Appellant fails to develop an argument in support of these assertions, or cite pertinent authority in support of them. **See** Pa.R.A.P. 2119(a), (b). Appellant also fails to reference the place in the record where the purportedly objectionable orders or other actions occurred. **See** Pa.R.A.P. 2119(c).[6] It is not the function of this Court to scour the

_____

[6] In the Statement of the Case, counsel for Appellant does reference the record for various actions described there. (**See** Appellant's Brief, at 6-11). However, the two recitations do not coincide, and many, if not most, of the

*(Footnote Continued Next Page)*

- 10 -

record to find evidence to support an appellant's arguments. *See J.J. DeLuca Co. Inc. v. Toll Naval Assocs.*, 56 A.3d 402, 411 (Pa. Super. 2012). Appellant's claim would be waived for these reasons as well.

Moreover, instead of developing an argument, Appellant merely asks this Court to "infer" an abuse of discretion. (Appellant's Brief, at 18). "We will not find judicial bias sufficient to reverse where appellant's claim[s] are unsubstantiated and undeveloped." *Commonwealth v. Morales*, 701 A.2d 516, 524 (Pa. 1997) (citation omitted).

Additionally, this Court has previously explained:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, **judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.** They may do so if they reveal an opinion that derives from **an extrajudicial source;** and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . **Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger,** that are within the bounds of what imperfect men and women, even after having been confirmed as [ ] judges, sometimes display. **A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.**

*(Footnote Continued)* ─────────────

rulings complained of in the argument section remain without a reference to the record.

*Commonwealth v. Kearney*, 92 A.3d 51, 61 (Pa. Super. 2014), *appeal denied*, 101 A.3d 102 (Pa. 2014) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994) (some emphasis deleted, some emphasis added).

Finally, Appellant argues that the trial court judge relied on facts outside of the record to support the declaration of mistrial. At the outset, we note that the abuse of discretion analysis we have already made establishes that the trial court followed proper procedure in declaring a mistrial. Therefore, that decision is independently sustainable and will be affirmed.

Beyond that, on independent review, we find that the additional facts Appellant complains of, *e.g.*, shouting in the deliberations room and "antagonistic body language," (Trial Ct. Op., at 3), constitute little more than background information. To be sure, the trial court judge used this material to explain context, and to furnish additional reasons for her actions. But background description does not obviate that the trial court also made appropriate inquiries and established independently, at the initial request of the jury, that it was hopelessly deadlocked, before declaring a mistrial.

In any event, under our scope of review, we examine the totality of the circumstances. *See Orie*, *supra* at 996. This Court has further explained:

> Appellate courts are necessarily reliant on the observations of trial court judges for non-verbal actions occurring during the course of legal proceedings. Transcripts rarely contain any mention of physical behaviors that occur in courtrooms, nor do

- 12 -

they indicate certain characteristics of speech such as volume and tone. The difference between a whisper and a scream is not easily conveyed in the black and white print of a trial transcript, nor are the gesticulations of an animated speaker. The failure of a court reporter to transcribe non-verbal behaviors in no way discredits a trial judge's observations of such conduct.

*Commonwealth v. Culver*, 51 A.3d 866, 875 (Pa. Super. 2012).

The trial court's background description of surrounding events provided useful information under *Culver* and *Orie*. The trial court properly declared a mistrial based on manifest necessity. Appellant fails to prove an abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2017

- 13 -