457 A.2d 972

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Joseph NIXON.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1981.

Filed March 18, 1983.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Kalvin Kahn, Philadelphia, for appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

LIPEZ, Judge:

This is a Commonwealth appeal under section 5 of Act 319,[1] which provides for interim sentencing guidelines, pending adoption of guidelines by the Pennsylvania Commission on Sentencing.[2]  Section 5(a)[3] of Act 319 provides a guideline sentence of at least four to eight years imprisonment for certain specified offenses, if the defendant has been previously convicted of any of the specified offenses. Section 5(b) requires that, if the sentence deviates from the section 5(a) guideline, "the court shall provide a contemporaneous written statement of the reason or reasons for the sentence."

1. Act of November 26, 1978, P.L. 1316, No. 319, § 5. *See* Note to 42 Pa.C.S. § 9721, "Interim Sentencing Guidelines." In the "statement of jurisdiction" in its brief, the Commonwealth relies on both section 5(c) of Act 319, which provides for an appeal as of right of the legality of the sentence, and section 5(d), which provides for petitioning for allowance of appeal of the discretionary aspects of the sentence.  The Commonwealth need not file a petition for allowance of appeal to take advantage of Section 5(d), since the notice of appeal takes the place of the petition. *See* Note, Pa.R.A.P. 902; *see also* Pa.R.A.P. 2116(b), 2119(f).  As in *Commonwealth v. Love,* 295 Pa.Super.Ct. 276, 278, 441 A.2d 1230, 1231 (1982), *petition for allowance of appeal den'd,* we shall allow an appeal under section 5(d), and hence need not decide whether the Commonwealth has raised an issue of legality of sentence, entitling it to an appeal as of right under section 5(c).

2. The Commission has now adopted such guidelines, 12 Pa.Bull. 431 (1982), but they are inapplicable here, as they apply only to offenses committed on or after July 22, 1982.

3. Section 5(a) provides: "Until sentencing guidelines by the Pennsylvania Commission on Sentencing and relating to the offenses set out in this subsection become effective pursuant to 18 Pa.C.S. § 1385 (relating to publication of guidelines for sentencing), when any person is convicted in any court in this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery, aggravated assault as defined in 18 Pa.C.S. § 2701(a)(1) (relating to aggravated assault) involving the use of a firearm, arson or kidnapping, or of attempt to commit any of these crimes, and when that person has been previously convicted in this Commonwealth, or any other state or the District of Columbia, or any Federal court, of any of the offenses set forth in this section or their equivalent, the sentencing court shall consider as a guideline in imposing sentence that such person be sentenced to a minimum of not less than four years imprisonment."

Defendant pled guilty to several charges, one of which (No. 1434) is specified in section 5(a), "aggravated assault as defined by 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) involving the use of a firearm." At the sentencing hearing on September 9, 1980, the prosecutor claimed that defendant's prior aggravated assault conviction made Act 319 applicable. The judge refused to consider this claim, and imposed a two to five year sentence for aggravated assault, without stating any reasons.

▮ At a hearing to reconsider the sentence on September 29, 1980, the judge did state reasons for the sentence.[4] He also purported to "reimpose" the two to five year sentence for aggravated assault, as well as the sentences which had been originally imposed on September 9 for the other offenses, although none of the sentences had ever been vacated. On October 9, 1980 the Commonwealth took this appeal.[5]

▮ Defendant contends that the appeal by the Commonwealth violates the double jeopardy clauses of both the United States and Pennsylvania Constitutions. We reject this contention for the reasons stated in *Commonwealth v. Love*, 295 Pa.Super.Ct. 276, 281–87, 441 A.2d 1230, 1232–36 (1982) (concurring opinion by Hoffman, J., joined by Cirillo, J.).[6]

4. Because of our determination, *infra,* that the Commonwealth waived its Act 319 claim, we need not determine the effect, if any, of the fact that the judge's statement of reasons was neither "contemporaneous" nor "written" as required by section 5(b) of Act 319.

5. The "reimposition" of sentence on September 29 did not extend the appeal time, because there was no compliance with either requirement of Rule of Appellate Procedure 1701(b)(3), which requires the timely filing of both an "application for reconsideration" and "an order expressly granting reconsideration." *Compare Commonwealth v. Leonard,* 308 Pa.Super.Ct. 292, 294–295, 454 A.2d 136, 137 (1982) *with Commonwealth v. Lynch,* 304 Pa.Super.Ct. 248, 255 n. 3, 450 A.2d 664, 668, n. 3 (1982), *rearg. den'd.* Nevertheless, the Commonwealth's appeal was timely, since the notice of appeal was filed within 30 days of the original entry of the judgment of sentence.

6. Regarding Pennsylvania's double jeopardy provision, Judge Hoffman's opinion in *Love* stated: "It is unclear whether article 1, section

454

■ However, we do not review the merits of the Commonwealth's claim that the sentence was "unreasonable" under section 5(e)(3) of Act 319, because we find the issue waived. This court en banc has held unanimously that to preserve a claim under Act 319, the Commonwealth must file a motion to modify sentence in accordance with Pennsylvania Rule of Criminal Procedure 1410. *Commonwealth v. Anderson,* 304 Pa.Super.Ct. 476, 450 A.2d 1011 (1982).[7] There is no such motion contained in the record certified to this court under Rule of Appellate Procedure 1921, and

10 of the Pennsylvania Constitution is limited in application to capital offenses. *Compare Commonwealth v. Boerner,* 281 Pa.Superior Ct. 505, 513–15, 422 A.2d 583, 587–88 (1980) (double jeopardy clause applies to both capital and non-capital offenses; summarizing conflicting authorities) *with Commonwealth v. DiValerio,* 283 Pa.Superior Ct. 315, 320 n. 4, 423 A.2d 1273, 1276 n. 4 (1980) (double jeopardy clause applies to capital offenses only). Because I would hold that the Pennsylvania double jeopardy clause would not bar a Commonwealth appeal under section 5 of Act 319, I would not need to resolve the apparent conflict over the applicability of that provision." 295 Pa.Super.Ct. at 285–86, n. 6, 441 A.2d at 1235, n. 6. We hold here that the Supreme Court cases relied on in *Boerner* must control over this court's later panel opinion in *DiValerio. See Mackey v. Adamski,* 286 Pa.Super.Ct. 456, 465–66, 429 A.2d 28, 32 (1981), *reconsideration den'd; Commonwealth v. Manley,* 282 Pa.Super.Ct. 376, 383 n. 5, 422 A.2d 1340, 1343 n. 5 (1980), *rearg. den'd, petition for allowance of appeal granted; cf. Commonwealth v. Lynch,* 304 Pa.Super.Ct. 248, 254–255, 450 A.2d 664, 667–68 (1982), *rearg. den'd.* Therefore the Pennsylvania double jeopardy clause applies to the offense involved here. On the merits, we adopt Judge Hoffman's reasoning that the clause does not bar a Commonwealth appeal under Act 319.

7. In holding that the Commonwealth must comply with Rule 1410, the en banc opinion in *Anderson* has overruled *sub silentio* the contrary holding in the panel opinion in *Commonwealth v. Love,* 295 Pa.Super.Ct. 276, 278–79 n. 1, 441 A.2d 1230, 1231 n. 1 (1982), *petition for allowance of appeal den'd.* Of course, the en banc opinion in *Anderson* is controlling. Pa.R.A.P. 3103(b); *see Commonwealth v. Manley, supra,* note 6. It should be noted, however, that *Anderson* overrules *Love* solely on the Rule 1410 issue. The holding in *Love* that the Commonwealth need supply neither formal nor informal notice of its intention to raise Act 319, because our Supreme Court has adopted no rule requiring notice, remains unaffected. Thus in *Commonwealth v. Lightly,* 307 Pa.Super.Ct. 239, 453 A.2d 14 (1982), in which the lower court had held that the Commonwealth had waived an Act 319 claim both by failing to file the applicability of Act 319 in writing and by failing to file a Rule 1410 motion, this court affirmed solely on the latter ground.

there is no lower court docket entry indicating the filing of a motion to modify sentence by the Commonwealth.

The transcript of the September 29 sentencing reconsideration hearing contains a statement by the judge that a motion had been handed to him ten days after the September 9 sentencing hearing. What we have said with respect to post-verdict motions is equally applicable to motions to modify sentence:

> [L]eaving motions in the judge's chambers, or even handing a copy to the judge in the courtroom or elsewhere, does not constitute filing. A document in any criminal matter must be filed in the office of the clerk of courts, 42 Pa.C.S. § 2756(a), who in Philadelphia is known as the Clerk of Quarter Sessions. 42 Pa.C.S. § 2751(c).

*Commonwealth v. Lynch,* 304 Pa.Super.Ct. 248, 252, 450 A.2d 664, 666 (1982), *rearg. den'd.* Thus the alleged motion referred to by the court below was never "filed in the lower court" within the meaning of Rule 1921, and is not part of the record on appeal.[8] We may therefore not consider it, because " 'in *Commonwealth v. Quinlan,* 488 Pa. 255, 258, 412 A.2d 494, 496 (1980), our Supreme Court has unanimously condemned consideration by an appellate court of material outside the record.' " *Commonwealth v. Lynch, supra* 304 Pa.Super. at 255, 450 A.2d at 668, *quoting Commonwealth v. Rini,* 285 Pa.Super.Ct. 475, 483, 427 A.2d 1385, 1389–90 (1981) (footnote omitted). Since the Commonwealth filed no motion under Rule of Criminal Procedure 1410, its claim under Act 319 is waived. *Commonwealth v. Anderson, supra.* Therefore the judgment of sentence for aggravated assault (No. 1434) must be affirmed.

On its notice of appeal, the Commonwealth also listed the information numbers (Nos. 1432, 1433 and 1435) for the

**8.** Although the Commonwealth has placed a copy of the motion in the reproduced record, it is not part of the original record, Pa.R.A.P. 1921, and the Commonwealth should not have included it in the reproduced record. *General Accident Fire & Life Assurance Corp., Ltd. v. Flamini,* 299 Pa.Super.Ct. 312, 317 n. 3, 445 A.2d 770, 773 n. 3 (1982); *see* Pa.R.A.P. 2152(a).

defendant's other offenses, as to which Act 319 gives the Commonwealth no right to appeal the sentence. Since those judgments of sentence are not appealable by the Commonwealth, the appeal will be quashed as to them.[9]

Judgment of sentence for aggravated assault (No. 1434) affirmed; appeal quashed as to judgments of sentence for Nos. 1432, 1433 and 1435.

---

**9.** The Commonwealth has not pursued any issue concerning these nonappealable judgments of sentence, and if the appeal were not quashed as to them, it would be dismissed as abandoned. *See Cohen v. Jenkintown Cab Company,* 300 Pa.Super.Ct. 528, 530 & n. 2, 446 A.2d 1284, 1285 & n. 2, 1290 (1982), *reh'g den'd.* We realize that the Commonwealth probably never intended to appeal these judgments of sentence, and listing them on the notice of appeal was an understandable technical error by the Philadelphia district attorney's office, which has usually been exemplary in such matters. We hope, however, that all concerned will pay close attention to proper procedure, in order to minimize confusion and delay as we begin to cope with the approaching flood of litigation under the new sentencing guidelines.