561 A.2d 16

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**John P. LASKARIS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1989.

Filed June 16, 1989.

340

342

Bruce L. Getsinger, Erie, for appellant.

William A. Dopierala, Assistant District Attorney, Erie, for Com., appellee.

Before CAVANAUGH, DEL SOLE and MONTGOMERY, JJ.

CAVANAUGH, Judge:

This is a direct appeal from judgment of sentence. Defendant John Laskaris was convicted at a jury trial on two separate burglary counts. The charges stem from burglaries which occurred at the Blue Max Restaurant and the offices of U.S. Air, both located at Erie International Airport, in May of 1980. Defendant was sentenced on these charges to two prison terms of ten to twenty years to be served consecutively to each other and consecutively to other sentences defendant was serving for prior convictions.

Defendant makes several allegations of error by the lower court and also requests that we allow him to appeal the discretionary aspects of his sentence. However, we must first address the Commonwealth's contention that defendant has failed to preserve any of these issues for appeal due to his failure to timely file post-trial motions.

## I.

Trial on the charges in question was conducted before the Honorable William E. Pfadt, P.J., with the jury returning guilty verdicts as to both counts of burglary on September 19, 1986. Defense counsel presented a motion for new trial and/or arrest of judgment to the trial judge by leaving said

motion in the judge's chambers on September 29, 1986. This motion was not filed with the clerk of courts until the following day. Pennsylvania Rule of Criminal Procedure (Pa.R.Crim.P.) 1123(a) provides, in pertinent part, that, "within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment." The Commonwealth argues that here, where the written motion was filed with the Clerk of Courts one day beyond the ten-day period set forth in Rule 1123(a), the allegations of error made in said motion are not preserved for appellate review.

Defendant explains that at the time this motion was submitted the standard practice of the Erie County Clerk of Courts was to refuse documents for filing which did not contain an "Order of Court" with a judge's signature. He attaches to his brief an affidavit from Patrick Fetzner, Deputy Clerk of Courts, attesting to this practice.[1] Defendant's motion for a new trial and/or arrest of judgment did not include an order by the court on September 29, 1986 and, therefore, would not have been accepted for filing by the Erie County Clerk of Courts on that date. He labels this a "breakdown in the court's operation" and claims that his failure to timely file post-trial motions is thereby excused.

After examining the record, and considering the particular circumstances involved, we must disagree with the posi-

1. Although it is not clear from the record, the apparent practice in Erie County at the time in question was that a party would "file" a motion by leaving it with the appropriate judge, who would then issue an "order" and in due time pass these documents onto the Clerk of Courts.

Paragraph 2 of Deputy Clerk of Courts Fetzner's affidavit explains the practice as follows:

2. During the time period up to and including September 30, 1986, the Erie County Clerk of Court's office refused to accept any motions, including post-trial motions filed on behalf of defendants, for filing unless said motions included an Order of Court signed by a judge. (This practice was utilized to prevent motions from being filed, removed from the Clerk of Court's file, and never being ruled upon.)

tion of the Commonwealth that defendant's objections have all been waived as untimely.

■■■ It is true that we have previously held that leaving motions in a judge's chambers, or handing them to a judge in the courtroom, does not constitute filing of such motions. *See, Commonwealth v. Nixon,* 311 Pa.Super. 450, 457 A.2d 972 (1983); *Commonwealth v. Lynch,* 304 Pa.Super. 248, 450 A.2d 664 (1982). Documents in criminal matters must be filed with the Clerk of Courts, as required by 42 Pa.C. S.A. § 2756(a)(1). However, we find the instant matter to be distinguishable from *Nixon* and *Lynch, supra.* In those previous cases motions had not been timely filed because of defense counsel's failure to comply with the Rules of Criminal Procedure. In the case at bar, had defense counsel attempted to file post-trial motions on September 29, 1986, the Erie County Clerk of Courts would have refused to accept them because the motions did not include an order signed by a judge. This local practice was responsible for the delay in defendant's motions being filed, rather than defense counsel's failure to comply with our Rules of Criminal Procedure.

■ Our Supreme Court has held that local procedural rules cannot be construed so as to be inconsistent with prevailing statewide rules. *Feingold v. SEPTA,* 512 Pa. 567, 517 A.2d 1270 (1986); *See also* Pa.R.Crim.P. 6.[2] Here

2. Rules of Criminal Procedure Rule 6. Local Rules

(a) For the purpose of this rule, the term "local rule" shall include every rule, regulation, directive, policy, custom, usage, form or order of general application, however labeled or promulgated, which is adopted or enforced by a court of common pleas to govern criminal practice and procedure.

(b)(1) Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly.

(2) Local rules shall be given numbers that are keyed to the numbers of the general rules to which the local rules correspond.

(c) To be effective and enforceable:

(1) A local rule shall be in writing.

(2) Seven certified copies of the local rule shall be filed by the court promulgating the rule with the Administrative Office of Pennsylvania Courts.

a local practice, which apparently has not even been given the status of a procedural rule since it has not been cited as such by either party, placed an additional burden upon a defendant who sought to file post-trial motions, or any motions, with the court. This additional burden was not contemplated by our statewide procedural rules, and we consequently find this local practice to be impermissible. *See* Pa.R.Crim.P. 6.

It appears from the record that defendant's motions for new trial and for an arrest of judgment could have been filed in a timely fashion on September 29, 1986 had the clerk of courts properly accepted them, and that the motions were in fact delivered to Pfadt, P.J. on that day.[3] Therefore, we shall treat the issues raised in defendant's post-trial motions as being timely raised and preserved for appellate review. In so doing, we will follow the reasoning of our Supreme Court enunciated in *Feingold, supra:*

This Court's approach to the enforcement of procedural rules, whether local or state-wide, is dictated by the facts and circumstances in each individual case. To analyze

(3) Two certified copies of the local rule shall be distributed by the court promulgating the rule to the Legislative Reference Bureau for publication in the Pennsylvania Bulletin.

(4) One certified copy of the local rule shall be filed by the court promulgating the rule with the Criminal Procedural Rules Committee.

(5) The local rule shall be kept continuously available for public inspection and copying in the office of the prothonotary or clerk of court. Upon request and payment of reasonable costs of reproduction and mailing, the prothonotary or clerk shall furnish to any person a copy of any local rule.

(6) A local rule promulgated before the effective date of this rule shall be filed on or before that effective date with the prothonotary or clerk of court and shall be kept by the prothonotary or clerk for inspection, copying, and furnishing as provided in subparagraph (c)(5).

(d) A local rule shall become effective not less than thirty days after the date of publication of the rule in the Pennsylvania Bulletin.

(e) The Criminal Procedural Rules Committee may at any time recommend that the Supreme Court suspend, vacate, or require amendment of a local rule and may suspend that local rule pending action by the Court on that recommendation.

3. A handwritten notation on the final page of defendant's motions reads: "Received 9/29/86—IT," which we take to indicate that the motions were received by a member of Judge Pfadt's staff on that day.

otherwise would exalt procedural rules, which were created for efficiency and fairness, to a status far beyond their inherent power. "It has been our policy to overlook ... procedural errors when a party has substantially complied with the requirements of the rule and no prejudice would result. 'Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives,' "

512 Pa. at 572, 517 A.2d at 1272 (citations omitted). Our decision to address the merits of defendant's issues is also in accord with Pa.R.Crim.P. 2, which states that our rules shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.

Moreover, in *Kurtas v. Kurtas*, 521 Pa. 105, 555 A.2d 804 (1989) (plurality opinion announcing the judgment of the court) the Supreme Court has recently explained that, under Pennsylvania Rule of Civil Procedure (Pa.R.C.P.) 126, a trial court is free to ignore the late filing of post-trial motions beyond the ten-day limit by addressing the merits of the issues so raised. In *Kurtas* there was some question as to whether post-trial motions had been timely filed, however, the lower court chose to address the merits of the issues raised. On appeal, the Superior Court did not review the merits of these claims, instead finding that appellant's post-trial motions were untimely and failed to preserve any issues for appellate review. The Supreme Court overruled the Superior Court, holding that where the trial court chose to overlook a procedural defect and reach the merits of a claim, it was error for this court to not review the merits of the appeal. In effect, where the lower court has considered the merits of a party's post-trial motions for relief, such action by the court below acts as a waiver of the ten day rule and excuses any delay in filing such motions.

Although the instant case is a criminal matter, we see no reason why the *Kurtas* rationale is not equally applicable to criminal as well as civil cases. We have before

us orders of the trial court denying appellant's motions for post-trial relief. It is unclear whether the trial court's rulings were based on the merits of the issues raised because the court has not issued an opinion in support of its orders. However, having held that the Erie County practice described, *supra*, was impermissible, it follows that the lower should have considered the merits of issues raised in the post-trial motions. In a situation such as this, where the trial court should have addressed the merits of appellant's issues raised in post-trial motions, but failed to do so because of what appeared to be a procedural defect, this court shall review the merits of those claims when presented on appeal. Procedural rules are not jurisdictional limitations, and overlooking a procedural defect does not in and of itself alter the jurisdiction of the court. *Kurtas, supra.*

## II.

The trial court issued orders on March 3, 1987 denying defendant's motion for a new trial and/or arrest of judgment and on March 27, 1987 denying his motion to reconsider and modify sentence. The record does not contain any opinion in support of these orders. However, we shall address the issues raised in defendant's post-trial motions on their merits. Having considered the merits of the issues raised, we affirm the judgment of sentence entered below.

Defendant first charges that the trial court erred in the timing and manner of its ruling on his motion *in limine* regarding use of his prior criminal record at trial. The court ruled that the Commonwealth would be permitted to use Laskaris' prior record for impeachment purposes if he testified in his own defense. Defendant acknowledges that this ruling is correct in light of our Supreme Court's holding in *Commonwealth v. Randall*, 515 Pa. 410, 528 A.2d 1326 (1987), and our determination in *Commonwealth v. Flis*, 369 Pa.Super. 275, 535 A.2d 157 (1987) that *Randall* should be applied retroactively. However, Laskaris contends that the court should have ruled on this motion before the trial began and charges that its failure to rule until the close of

the Commonwealth's case prejudiced him in questioning prospective jurors concerning their reactions to evidence of his prior record. Defendant argues that this situation infringed on his choice of whether or not to testify.

■■■ The record reveals that prior to *voir dire* the court granted defendant's motion insofar as it related to previous criminal offenses involving the use of a firearm (Transcript of 9/16/86, p. 7). The court then stated that evidence of other criminal offenses might properly be introduced, but that it would defer ruling on this question until the defense presented its case (Transcript of 9/16/86, p. 7). Defense counsel did not object to a delay at that time. If defense counsel was concerned, as he now claims, that a delay in ruling on this motion *in limine* would impair his ability to thoroughly question prospective jurors and affect his trial strategy to such an extent as would prejudice defendant, it was at this point that he should have objected and voiced these concerns to the court. In order to properly preserve an issue for appellate review a party must make a timely, specific objection. *Commonwealth v. White*, 366 Pa.Super. 538, 531 A.2d 806 (1987); *Commonwealth v. Hughes*, 268 Pa.Super. 536, 408 A.2d 1132 (1979). By failing to object in a timely and specific manner, defendant has waived this issue.

■ Moreover, the Supreme Court acknowledged in *Randall* that it had previously been within the trial court's discretion to allow introduction of prior crimes of a defendant for impeachment purposes under the holdings of *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973) and *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978). At the pre-trial stage of the instant proceedings the trial court indicated that it might permit the introduction of the evidence in question for impeachment purposes, and defense counsel knew or should have known that the state of the law at that time gave the trial court discretion to make that judgment. Under these circumstances we do not find that defendant was prejudiced in his ability to select an unbiased jury or in making a choice of whether he should testify on his own behalf.

Next, defendant charges that the lower court erred in denying his motion *in limine* seeking to prevent the introduction of prior bad acts through the testimony of an airport security guard. The guard testified that he discovered defendant, who he knew, attempting to break into offices at the airport on an occasion prior to the actual burglary. The guard further testified that he permitted defendant to make a duplicate of a master key which provided access to both the offices of U.S. Air and the Blue Max Restaurant.

 Evidence of prior bad acts may be introduced, *inter alia*, to show motive, intent and as a means of establishing a common scheme or a series of events culminating in the criminal offenses charged. *Commonwealth v. Banks*, 513 Pa. 318, 521 A.2d 1 (1987); *Commonwealth v. Murphy*, 346 Pa.Super. 438, 499 A.2d 1080 (1985). When ruling on the admissibility of such evidence, the trial court must balance any prejudicial impact against its probative value. Absent a flagrant abuse of discretion the trial court's determination on this matter will not be disturbed on appeal. *Murphy, supra.* We find that any prejudice Laskaris may have suffered from the airport security guard's description of defendant's earlier burglary attempt was outweighed by the probative value of the testimony. The lower court did not err in admitting this evidence and denying defendant's motion *in limine.*

Another Commonwealth witness, Carl Rebrook, testified that he participated with defendant in the burglary at the airport. In direct examination, the prosecutor asked how Rebrook and the defendant were dressed when they went to the airport that night. The trial transcript contains the following exchange:

A. Yes, sir. Well, we were both dressed dark, and I know that I had on blue jeans. That was my regular wear all the time. And I would say that he had on blue jeans, for sure, blue jean pants. And you know, I'm not positive about a blue jean jacket, but we had toboggans on, and right now I can't say positive whether they were ski masks or not.

Q. What do you mean by "toboggans"?

A. A winter cap, a dark knit cap.

Q. Okay.

A. But most of the time, if I'm allowed to say so, we both had possession of ski masks all the time, and probably we were.

(Transcript of 9/18/86, p. 421). Defense counsel immediately objected and moved for a mistrial, alleging at sidebar that the only possible inference which could be drawn from Rebrook's response was that he and defendant had engaged in prior criminal activity. Defendant alleges the court erred in denying his motion for mistrial.

The trial court stated that it thought Rebrook's remarks could be subject to different interpretations (Transcript of 9/18/86, p. 422). We agree with the conclusion of the trial court and find no error. The decision of the trial court to deny a motion for mistrial will be overturned only if a party is able to demonstrate an abuse of discretion. *Commonwealth v. Thomas*, 346 Pa.Super. 11, 498 A.2d 1345 (1985). Defendant has failed to demonstrate an abuse of discretion in the court's ruling on this matter.

Next Laskaris complains that the court erred in granting the Commonwealth's motion *in limine* preventing him from cross-examining the airport security guard regarding the guard's homosexual involvement with a former employee of the Blue Max Restaurant. Defendant claims this information was relevant and material, theorizing that the former restaurant employee should have been considered a suspect in the instant case and that the guard's testimony implicating defendant was a cover for this third individual.

The trial court ruled that defense counsel could question the guard concerning his acquaintanceship with this third individual while avoiding any implication that they were sexually involved, stating that the sexual preferences of this witness had no bearing or materiality to the case (Transcript of 9/18/86, pp. 152–153). A trial judge has broad discretion with regard to the admission or exclusion

of evidence. *Commonwealth v. Lumpkins*, 324 Pa.Super. 8, 471 A.2d 96 (1984). Here defendant was allowed to question the security guard concerning his relationship with this third person, being cautioned only to avoid raising sexual implications. We do not find this ruling to be an abuse of the trial court's discretion. Even where it is relevant, the trial court may exclude evidence that might prejudice the jury. *Lumpkins, supra.* The lower court might reasonably conclude that the evidence in question would create prejudice against the witness in the jurors' minds. Its ruling avoided this possibility while affording defendant the opportunity to cross-examine the witness concerning his relationship with the third individual.

The Commonwealth filed a second motion *in limine* concerning the testimony of the airport security guard. This motion sought to prevent defendant from introducing prior statements made by the witness in which he said that the Assistant District Attorney Frank Scutella, the prosecutor in the instant case, had questioned his credibility. Defendant contended that the jurors should be made aware that the prosecutor had previously made disparaging comments about the credibility of his own witness. The trial court granted the Commonwealth's motion in part by ruling that the defendant could introduce the prior statements, but that he could not identify prosecutor Scutella as the person who had made the disparaging remarks. Defendant challenges this ruling as being erroneous.

The trial court has broad discretion in ruling on the scope and manner of cross-examination, and its decisions will not be reversed on appeal absent a clear abuse of discretion. *Commonwealth v. Orlowski*, 332 Pa.Super. 600, 481 A.2d 952 (1984). Here the defendant was permitted to make the jury aware that the credibility of the airport security guard, who was called as a witness by the Commonwealth, had earlier been questioned by someone in the prosecutor's office. We do not find that the court improperly restricted defendant's cross-examination or his attempt to impeach the credibility of the witness by imposing the sole limitation that prosecutor Scutella not be identified as

the person who made the remarks. Cf. *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 422 A.2d 1119 (1980) (no abuse of discretion for trial court to impose restriction on scope of cross-examination of Commonwealth witness). No abuse of discretion has been demonstrated.

Defendant's next issue again relates to testimony of the airport security guard. Laskaris had filed a motion to suppress all testimony by this witness on the grounds that it would be the improper product of suggestive and hypnotically refreshed recollection. The lower court denied defendant's motion to suppress and he alleges error in this ruling. We disagree.

■ We have held that a witness's pre-hypnotic statements which were not changed or expanded when the witness was hypnotized are admissible. *Commonwealth v. Mehmeti*, 347 Pa.Super. 278, 500 A.2d 832 (1985). In the instant matter, the basis for the trial court's ruling was that the questioning of this witness during hypnosis did not concern information relating to the burglary charges before us (Transcript of 9/18/86, pp. 218–219). A review of the suppression hearing transcript and the exhibits introduced by the Commonwealth at that hearing, including a transcript of the hypnotic session marked as Exhibit 1, support the court's determination that the hypnotic session did not focus on the burglary charges with which this appeal is concerned. There appears to be no evidence which substantiates defendant's claims that this testimony is somehow tainted. Therefore, since the testimony regards statements which were unaffected by the hypnotic session, the court correctly denied defendant's motion to suppress. This ruling is in accord with *Mehmeti, supra.*

■ Finally, defendant requests that we grant him leave to appeal the discretionary aspects of sentencing. He has set forth a concise statement of the reasons for this request as required by Pennsylvania Rule of Appellate Procedure 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). It is within our discretion to allow an appeal from discretionary aspects of sentencing, and in exercising that discretion we may look to the record and the

opinion of the lower court for support of the sentence entered. *Commonwealth v. Felix,* 372 Pa.Super. 145, 539 A.2d 371 (1988).

The trial court had the benefit of a pre-sentence report, which it took into consideration. *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988). That report revealed defendant's extensive juvenile record and his numerous convictions as an adult on charges that included burglary, theft, criminal conspiracy and first-degree murder. The lower court stated for the record that the tremendous number and serious nature of defendant's prior offenses persuaded it to impose the maximum penalty possible.

Sentencing is generally within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *Commonwealth v. Simpson,* 353 Pa.Super. 474, 510 A.2d 760 (1986). We do not believe appellant has demonstrated any abuse of discretion by the lower court and we find that the record supports the sentence imposed. Therefore, we decline to grant appellant's allowance of appeal as to the discretionary aspects of sentencing.

The judgment of sentence entered by the lower court is affirmed.

MONTGOMERY, J., concurs in the result.

DEL SOLE, J., files a concurring opinion.

DEL SOLE, Judge, concurring:

I join the Majority in its determination that the local practice requiring an Order of Court before post-verdict motions may be filed with the Clerk of Courts is impermissible. On this basis I agree that the post-verdict motions in this case should be considered timely filed. While normally I would suggest that the matter be remanded to the trial court for the filing of an opinion, in the interest of judicial economy, I join the majority on all of the substantive issues raised on appeal except the sentencing question.

The discussion of *Kurtas v. Kurtas,* 521 Pa. 105, 555 A.2d 804 (1989) in the Majority Opinion is unnecessary for the disposition of this case. While I am in agreement with

the Majority's view that the rationale of *Kurtas* should also apply to criminal cases, since we have determined that the post-verdict motions were properly filed, we need not analyze this case under *Kurtas*. Also, in the case sub judice the trial court did not dispose of the post-verdict motions on the merits, thus, the *Kurtas* holding that disposition of late filed post-trial motions on their merits operates as a waiver has not been met. Also, I am concerned with the language found in the Majority Opinion on page 20 where it states:

In effect, where the lower court has considered the merits of a party's post-trial motions for relief, such action by the court below acts as a waiver of the ten day rule and excuses any delay in filing such motions.

My reading of *Kurtas* would not permit the lower court to excuse a delay which extends beyond thirty days in the filing of post-trial motions. There would be no jurisdiction in the trial court level after thirty days. Also, I would point out that the discussion of *Kurtas* in the Majority Opinion is dictum.

I must disagree with the Majority's decision to disallow an appeal from the discretionary aspects of sentencing. At the outset I believe the time has come for the General Assembly to review 42 Pa.C.S.A. § 9781(b) which limits the review of discretionary sentencing matters to those cases where only a "substantial question" exists and where this court agrees to exercise its discretion and hear the issue. It is my view that in a criminal proceeding a defendant has a right to have all matters reviewed which have been properly preserved at the trial court level. Further, I believe that Article 5, Section 9 of the Constitution of this Commonwealth prohibits the limitation of review found in 42 Pa.C.S.A. § 9781(b). That Article provides as follows:

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

The Supreme Court has stated that this section establishes a right of appeal to an appellate court. In *Commonwealth v. Wilkerson*, 490 Pa. 296, 416 A.2d 477 (1980) the Supreme Court in discussing the right of appeal in the context of a PCHA petition stated:

... an accused has an absolute right to appeal, Pa. Constitution, Article V, Section 9, and counsel can be faulted for allowing that right to be waived unless the accused himself effectively waives the right, i.e., for not protecting the accused's right in the absence of an effective waiver. This requirement that counsel protect the appellate of an accused extends even to circumstances where the appeal is "totally without merit." ...

The applicable section of the Sentencing Code that eliminates a *right* of an appeal by requiring that review of certain sentencing questions is purely discretionary with the appellate court would seem to violate this constitutional provision. This issue can only be addressed in the appellate courts and is not one that can be raised in the trial court.

With regard to to the case sub judice, having reviewed the sentence and the reasons for the sentence stated by the sentencing judge, I find that the sentence imposed by the trial judge was appropriate and proper under the circumstances and would, therefore, affirm the judgment of sentence.