654 A.2d 1146

COMMONWEALTH of Pennsylvania, Appellant,

v.

James MAGNUM, Appellee.

COMMONWEALTH of Pennsylvania, Appellee,

v.

James MAGNUM, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 1, 1994.

Filed Feb. 17, 1995.

Louis D. Lappen and Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for the Com.

Lillian H. Ransom, Philadelphia, for James Magnum.

Before OLSZEWSKI, DEL SOLE and BECK, JJ.

OLSZEWSKI, Judge:

The Commonwealth appeals and James Magnum cross-appeals a judgment of sentence imposed upon Magnum for committing the following crimes: burglary,[1] making terroristic threats,[2] criminal trespass,[3] possessing an instrument of crime,[4] unlawful restraint,[5] and simple assault.[6] The Commonwealth claims that the trial court, when imposing sentence, failed to take into account the mandatory deadly weapon enhancement. Magnum, in his cross-appeal, argues that the evidence was insufficient to sustain a verdict finding him guilty of burglary. The trial court found that the Commonwealth did not preserve its appeal from the discretionary aspects of sentence by failing to timely file a motion for reconsideration of sentence.

On the morning of March 1, 1993, James Magnum broke into the residence of his former girlfriend, Ellen Patterson, and threatened her and her then-current boyfriend with a knife. During the ensuing argument, Magnum punched Ms. Patterson in the face. The boyfriend tried to call the police, but found that the phone was dead. He jumped out of a second-floor window and summoned the police from a pay phone. Meanwhile, Ms. Patterson fled from Magnum and hid

1. 18 Pa.C.S.A. § 3502.
2. 18 Pa.C.S.A. § 2706.
3. 18 Pa.C.S.A. § 3503.
4. 18 Pa.C.S.A. § 907.
5. 18 Pa.C.S.A. § 2902.
6. 18 Pa.C.S.A. § 2701.

in the basement. When Magnum found her there, he continued his threats. When the police arrived they began negotiations with Magnum, who eventually released Ms. Patterson unharmed.

■ In his cross-appeal Magnum argues that he did not have the requisite felonious intent, when entering the home, necessary to support a burglary conviction. When reviewing a sufficiency challenge we must view the evidence, and all inferences therefrom, in the light most favorable to the Commonwealth. *Commonwealth v. McCullum,* 529 Pa. 117, 602 A.2d 313 (1992); *Commonwealth v. Taylor,* 324 Pa.Super. 420, 471 A.2d 1228 (1984). In light of this standard, we believe that the element of intent was sufficiently supported by the evidence to sustain a guilty verdict beyond a reasonable doubt.

■ Burglary is defined as the act of entering or occupying a structure with intent to commit a crime therein. 18 Pa. C.S.A. § 3502. This intent must be formed contemporaneous to the entering. *Commonwealth v. Russell,* 313 Pa.Super. 534, 460 A.2d 316 (1983). Our Supreme Court has recently rejected a *per se* assumption that a sign of forced or unauthorized entry into a building alone automatically gives rise to an inference of an intent to commit a crime inside. *Commonwealth v. Wilamowski,* 534 Pa. 373, 633 A.2d 141 (1993). Instead, the Supreme Court in *Wilamowski* adopted a "totality of the circumstances" test. *Id.* at 379–80, 633 A.2d at 144. In order to meet its burden of proof, the Commonwealth must establish additional evidence that goes beyond showing a mere breaking. *Id.* While *Wilamowski* emphasizes that "intent [cannot] ... derive from mere conjecture or surmise," *id.,* we have held that intent may be reasonably inferred from the circumstances. *Commonwealth v. Gordon,* 329 Pa.Super. 42, 477 A.2d 1342 (1984); *Commonwealth v. Simpson,* 316 Pa.Super. 115, 462 A.2d 821 (1983); *Russell,* 313 Pa.Super. at 542–46, 460 A.2d at 321–22.

Using a "totality of the circumstances" test, we find that the evidence was sufficient to infer that Magnum had a felonious intent when he entered Ms. Patterson's home. Magnum

broke into the house through a locked garage. When he first encountered Ms. Patterson and her boyfriend, he pulled a knife from out of his coat pocket. N.T. 10/6/93 at 25–26. He told the boyfriend to get out of "his" house, even though he was neither a current resident of the house nor its owner,[7] and proceeded to threaten the boyfriend. When Magnum cornered Ms. Patterson in the basement, he told her that "he really should f*** [Ms. Patterson] up for what [she] did to him." *Id.* at 64–65.[8] We find that this evidence was sufficient for a jury to infer that Magnum had the intent to commit a felony or felonies when he broke into the Patterson residence. *See Commonwealth v. Hardcastle,* 519 Pa. 236, 546 A.2d 1101 (1988), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990) (determining that evidence of forced entry combined with crimes of murder and arson therein was sufficient to sustain a burglary conviction).

■ Before turning to the Commonwealth's claim that the sentencing court failed to take into account the mandatory deadly weapons enhancement when determining the length of the sentence imposed, we first must examine whether or not the Commonwealth's claim is waived for failing to timely file a motion to reconsider sentence. The sentence was imposed on January 13, 1994. A written post-sentence motion to reconsider sentence must be filed no later than ten days after imposition of sentence. Pa.R.Crim.P. Rule 1410, 42 Pa.C.S.A. "The failure to do so waives any complaint concerning sentence that does not involve the lawfulness of the sentence itself." *Com-*

7. Magnum asserts that this and similar references to "his" house during the incident shows that he lacked the requisite intent to commit a burglary, since he believed that he was authorized to enter the premises. Despite these statements, the jury was free to infer that Magnum did not really believe that the Patterson home was indeed "his." Credibility determinations and the weight to be given to the evidence are within the province of the trier of fact. *Commonwealth v. Taylor,* 324 Pa.Super. 420, 423–26, 471 A.2d 1228, 1229–30 (1984). "[T]he fact finder is free to believe all, some, or none of the evidence." *Id.* (citations omitted).

8. Apparently Magnum blamed Ms. Patterson for his being jailed for violating a Protection From Abuse Order.

*monwealth v. Koziel,* 289 Pa.Super. 22, 432 A.2d 1031 (1981).[9] The purpose of the rule is to allow the sentencing court the first opportunity to modify its sentence. *Id.* at 24–25, 432 A.2d at 1032.

Normally, the ten-day period to file would have ended on January 23, 1994.[10] January 23rd fell on a Sunday, however. "When any period of time is referred to in any statute ... [and] the last day of any such period shall fall on Saturday or Sunday ... such day shall be omitted from computation." 1 Pa.C.S.A. § 1908. The period to file thus ended on January 24, 1994.

The sentencing court stated that it refused to hear the Commonwealth's petition because a motion for reconsideration of sentence was not filed, and the Commonwealth did not object to the court's calculations at the time of sentencing.[11] Opinion, 4/13/94 at 5. The record does include a petition to reconsider sentence. Two different dates are stamped on the petition, however. On top is stamped "RECEIVED, January 25, 1994, Criminal Motion First Judicial District of Pennsylvania." On the bottom the following is stamped:

TIMELY ACCEPTANCE ONLY
JUDGE'S SIGNATURE REQUIRED.
ATTORNEY MUST RETURN MOTION
TO ROOM 685 CITY HALL.

**9.** The 1993 amendments to the Rules of Criminal Procedure have abrogated, in part, this proscription. A defendant's post-sentence motion challenging a judgment of sentence may still be made, but failure to do so will not affect a defendant's right to appeal. Pa.R.Crim.P. Rule 1410, 42 Pa.C.S.A. Accordingly, "the defendant may chose to raise any or all properly preserved issues in the trial court, the appellate court, or both." *Id.* at *Comment.* The new rule does not address or alter the Commonwealth's right to appeal, however. *Id.*

**10.** The first day is excluded and the last day is included when calculating the run date for any statute. 1 Pa.C.S.A. § 1908.

**11.** The Commonwealth is correct in stating that failure to object to a length of sentence at the time of sentencing does not in itself *per se* waive the issue. "[A] discretionary sentencing issue is preserved for appellate review if raised either at the time of sentencing or in a motion to modify sentence." *Commonwealth v. Eyster,* 401 Pa.Super. 477, 480, 585 A.2d 1027, 1029 (1991) (*en banc* ) (citations omitted), *appeal denied,* 529 Pa. 646, 602 A.2d 857 (1992).

Petition Denied 1/25/94; R.R. at 6a. The date "1/24/94" is written in next to the phrase "Timely Acceptance Only." After the words "CITY HALL" the notation "4:30 p.m." and the initials "J.L." are written in ink. The Commonwealth claims that this is proof that the motion was timely filed on the 24th. The trial court apparently believed, however, that the date stamp, marked "RECEIVED," is evidence that the motion was not filed until the 25th, one day too late.

In *Commonwealth v. Laskaris* we held that even though a motion for a new trial and/or arrest of judgment was not filed with the court clerk within the required ten-day period, the motion was nevertheless timely filed when the appellant left the motion with the judge, and local practice precluded the court clerk from accepting the motion unless it was accompanied by an order of the court signed by a judge. 385 Pa.Super. 339, 561 A.2d 16 (1989), *appeal denied,* 525 Pa. 617, 577 A.2d 889 (1990). There, it was established that the standard practice in the county was for the clerk of courts to refuse documents for filing which did not contain an "Order of Court" with a judge's signature. We held that because local practice was responsible for the delay in filing, the late filing would be excused. *Id.* 385 Pa.Super. at 345–47, 561 A.2d at 19. Our *ratio decidendi* was that "local procedural rules cannot be construed so as to be inconsistent with prevailing statewide rules." *Id.* (citations omitted).

In *Laskaris* we found that a handwritten notation reading "Received 9/29/86–IT" was sufficient proof that appellant did leave the motion with a judge as claimed, and thus could have filed the motion in a timely fashion. *Id.* at 347–48, 561 A.2d at 20. The stamp "Timely Acceptance Only" by the clerk of courts in the present case served the same function as the receipt notation in *Laskaris;* both establish that the motions were timely filed with the court. The fact that the clerk of courts would not fully accept the motion without the judge's signature, as attested to by the second stamp, is a procedural rule that only serves to place an additional burden on a party seeking to file a post-trial motion with the court. *See id.* As we stated in *Laskaris,* "[p]rocedural rules are not ends in

themselves, but means whereby justice, as expressed in legal principle, is administered. They are not to be exalted to the status of substantive objectives." *Id.* (citing *Feingold v. Septa,* 512 Pa. 567, 517 A.2d 1270 (1986) (citations omitted)).

Having determined that the Commonwealth's motion to reconsider was timely filed, we now turn to the issue of the mandatory deadly weapon enhancement. The question of whether or not it was an abuse of discretion for the sentencing court not to consider the mandatory deadly weapon enhancement is a challenge to the discretionary aspect of the sentence. *See Commonwealth v. Scullin,* 414 Pa.Super. 442, 607 A.2d 750, *appeal denied,* 533 Pa. 633, 621 A.2d 579 (1992). The Commonwealth claims that the sentencing court erred by not applying the enhancement and by failing to state for the record its reasons for so doing.

■ In order to preserve this claim for appeal, the Commonwealth must observe the following procedures: (1) a motion for reconsideration must be timely filed; (2) the Commonwealth must set forth any discretionary sentencing issues in its statement of questions presented per Pa.R.A.P. 2116(b); and (3) the Commonwealth must provide a concise statement of reasons for allowance of the appeal in accordance with Pa.R.A.P. 2119(f). *Id.* 414 Pa.Super. at 446–48, 607 A.2d at 752; *Commonwealth v. Penrod,* 396 Pa.Super. 221, 578 A.2d 486. (1990). In meeting these requirements, the Commonwealth properly preserved its grounds for appeal.

■ We next must determine whether or not the 2119(f) statement demonstrates a substantial question that the sentencing court imposed a sentence that was inappropriate under the sentencing code. *Scullin,* 414 Pa.Super. at 446–48, 607 A.2d at 752. Issues relating to the sentencing court's failure to consider the mandatory deadly weapon enhancement, in accordance with 204 Pa.Code § 303.4, have been held to be substantial questions. *Id.*; *Commonwealth v. Reading,* 412 Pa.Super. 239, 603 A.2d 197 (1992). The standard of review in assessing a substantial question regarding the discretionary aspects of sentence is an abuse of discretion. *Scul-*

*lin,* 414 Pa.Super. at 446–48, 607 A.2d at 752. A sentencing court, however, has no discretion to refuse to apply the deadly weapon enhancement. *Id.* at 450–52, 607 A.2d at 754; *Commonwealth v. Septak,* 359 Pa.Super. 375, 518 A.2d 1284 (1986); *Commonwealth v. Drumgoole,* 341 Pa.Super. 468, 491 A.2d 1352 (1985). "In cases where the trial court erroneously calculates the starting point under the guidelines, this Court will vacate the sentence and remand for reconsideration of sentence." *Scullin,* 414 Pa.Super. at 450–52, 607 A.2d at 754 (citations omitted).

In this case Magnum used a knife to threaten the victims and hold Ms. Patterson hostage. The knife is obviously a deadly weapon. *See* 18 Pa.C.S.A. § 2301 (defining a deadly weapon as any device or instrumentality calculated to produce serious injury or death when used in the manner intended). When a deadly weapon is used during the commission of an offense, 12 and 24 months are added to the minimum and maximum guideline sentencing range, respectively. 204 Pa. Code § 303.4(a). While a court may depart from the guidelines, it must first consider a range which includes the mandatory deadly weapon enhancement. Pa.C.Sent.3d 39 (August 1, 1988); *Scullin,* 414 Pa.Super. at 450–52, 607 A.2d at 754 (stating that the sentencing court must begin its calculations from the correct starting point). There is no evidence on the record that the sentencing court considered the deadly weapon enhancement in determining its calculations.

Magnum was given two consecutive 9– to 23–month sentences with work release, four concurrent 9– to 23–month sentences, and terms of probation of three years and five years to run consecutive to the other sentences and concurrently with each other. R.R. at 214a. The sentencing court found that the gravity offense score was 7 and the prior record score was 0. *Id.* at 202a. It then correctly stated the sentencing guidelines for these scores: "a mitigated range of four to eight months, standard range of eight to twelve months and aggravated range of twelve to eighteen months." *Id.; see* 204 Pa.Code § 303.9. If the deadly weapon enhancement was considered, however, the proper calculations would have been 16 to 32 months in the mitigated range, 20 to 36

months in the standard range, and 24 to 42 months in the aggravated range. A sentence of 9 to 23 months was therefore below the mitigated range. Even Magnum concedes that the sentencing court "stated the standard guideline ranges without including the deadly weapon enhancement." Appellee's reply brief at 7 (citations omitted).

Because the sentencing court failed to consider the guidelines with the deadly weapon enhancement, the sentence must be vacated and the case remanded for resentencing. If the sentencing court then wishes to impose a sentence outside the guidelines, it may do so provided it places adequate reasons for the deviation on the record. This was not done in the present instance, in contravention of 42 Pa.C.S.A. § 9721(b).[12]

For the foregoing reasons, the verdict finding Magnum guilty of burglary is affirmed, but the case is remanded for resentencing in accordance with the provisions of this decision. Jurisdiction is relinquished.

12. "In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing pursuant to section 2154 (relating to adoption of guidelines for sentencing) and made effective pursuant to section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant." 41 Pa.C.S.A. § 9721(b).